**Charles F. COXE, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Aug. 27, 1971.

Harold Leshem, of Booker, Leshem, Green, Shaffer, Berl & Wise, Wilmington, for defendant below, appellant.

Peter M. Sieglaff, Deputy Atty. Gen., for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice.

This appeal of Charles F. Coxe from his conviction in Superior Court of driving a motor vehicle while under the influence of alcohol challenges the constitutionality of

21 Del.C. § 4176(a), which the appellant alleges provides for a "conclusive presumption of guilt based upon a chemical reading."

The statute, 21 Del.C. § 4176(a), as amended June 20, 1970, after setting forth the penalty for a first offense and each subsequent like offense, provides in pertinent part:

"* * * Any person who drives, operates or has in actual physical control a motor vehicle while such person's blood has reached a blood alcohol concentration of ⅒ of 1% or more, by weight, as shown by a chemical analysis of a blood, breath, or urine sample taken within 2 hours of the alleged offense, *shall be guilty* under this section. This provision shall not preclude a conviction based on other admissible evidence." (Emphasis supplied.)

The statute provides for no presumption of guilt, but instead provides that any person having the specified blood alcohol concentration "shall be guilty." To establish guilt, the State must prove only that the defendant was in physical control of the vehicle, and that a proper and timely test showed the required percentage of alcohol concentrated in the defendant's system.

█ Appellant relies basically on two cases in his appeal. In State v. Childress, 78 Ariz. 1, 274 P.2d 333 (1954), the statute itself states that blood alcohol over a certain weight causes a presumption that the defendant was intoxicated. The defendant objected to this, contending that it was violative of due process in that he was presumed guilty of the crime and the State was relieved of proving guilt beyond a reasonable doubt. The Arizona Supreme Court upheld the conviction by reasoning that the law only presumed that defendant was under the influence of intoxicating liquor, not guilty of driving the vehicle while under the influence of intoxicating liquor, which still had to be proven beyond a reasonable doubt.

In State v. Protokowicz, 55 N.J.Super. 598, 151 A.2d 396 (1959), the statute is similar to the one involved in *Childress* in that it creates a presumption that the defendant was under the influence of intoxicating liquor. The New Jersey Court upheld the conviction, reasoning that the presumption only applied to being under the influence of intoxicating liquor, not the offense of driving while under the influence, and further held that the presumption was *not* a conclusive presumption, but that evidence could still be presented to establish that the person charged with the offense was not under the influence of alcohol.

21 Del.C. § 4176(a) was preceded by 11 Del.C. § 3507. The pertinent provisions of § 3507 were very much like the Arizona and New Jersey statutes. Under it, proof of alcohol in the blood to the extent of ⅒⁄₁₀₀ of 1% or more was only *prima facie* evidence of being under the influence thereof. The new § 4176 requires, however, and the jury in this case was instructed, that only two elements need be found for guilt: (1) operation of the vehicle, with (2) the prohibited blood alcohol concentration. To the extent that these two statutes are inconsistent, the later Act has amended the earlier one. Rickards v. State, Del.Supr., 6 Terry 573, 77 A.2d 199 (1950). Other provisions of the earlier Act are unaffected.

We are unable to agree with appellant's contention that the new statute is unconstitutional. Its effect is to forbid any person to operate a motor vehicle if his blood contains .1 of one per cent alcohol. It represents a legislative determination that such quantity of alcohol has sufficient adverse effect upon any person to make his driving a definite hazard to himself and others. We cannot say that this determination is unfounded or contrary to the facts; a number of studies and many statistics have recently been published by experts in this field which support that conclusion. Some other states have accepted this view. New York, for example, has forbidden the operation of a motor vehicle by any person having blood alcohol of .15 of one per

cent*.   62 A.  McKinney's Consolidated Laws § 1192.

█ In this case, the circumstantial evidence, as well as statements made by the appellant, provide sufficient evidence of the first element, that is, operation of the vehicle.  The prohibited blood alcohol concentration was shown by a properly administered test.  Therefore, we will affirm the conviction and sentence of appellant in the Court below.

█ Appellant charges error in the failure of the trial Judge to read to the' jury the last sentence of § 4176(a), which permits a conviction based on evidence other than the blood test.**  We cannot conceive how this omission could possibly have adversely affected appellant.  If it be considered error, appellant has no right to complain because the omission favored him.

Affirmed.

---

* This figure will become .12 of one per cent on January 1, 1972.  See 1971 Laws of N.Y., Ch. 495.

** We assume that it was omitted because the State did not rely upon other evidence to prove this element of its case.