**Walter J. SLAUGHTER, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

June 18, 1974.

Victor F. Battaglia and G. Thomas Sandbach of Biggs & Battaglia, Wilmington, for defendant below, appellant.

Merrit Burke, III, Deputy Atty. Gen., Georgetown, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY, A. J., and QUILLEN, Chancellor.

HERRMANN, Chief Justice:

The defendant seeks review of his conviction of operating a motor vehicle while under the influence of intoxicating liquor. 21 Del.C. § 4176(a).[1] The question pre-

---

1. 21 Del.C. § 4176(a) provides in pertinent part:

"§ 4176. Operation of vehicle while under the influence of intoxicating liquor or drug, penalties, revocation of license

" * * *. Any person who drives, operates or has in actual physical control a motor vehicle while such person's blood has reached a blood alcohol concentration of 1/10 of 1% or more, by weight, as shown by a chemical analysis of a blood, breath, or urine sample

sented is whether the Trial Judge committed error in his instruction to the jury regarding the element of blood alcohol concentration.

The defendant was given the test to measure the alcoholic content of his blood approximately 30 minutes after his arrest for operating a motor vehicle while intoxicated. His blood alcohol content was .109%. Under the Statute, an impermissible concentration is anything in excess of .100%.

Cross-examination of the State's expert witness revealed that the test has an inaccuracy factor of .009%. The defendant contends that the charge to the jury[2] did not reflect this fact; that assuming a true reading of .100% at the time of arrest (corrected from .109%) and assuming, further, that the defendant had 1½ ounces of whiskey 15 minutes before arrest (but 45 minutes before the test), his actual blood alcohol level would have been approximately .090% at arrest, because alcohol absorption into the bloodstream takes several hours and the level would have risen between arrest and testing.

The defendant contends that the jury charge failed to account for the scientific inaccuracy of the test and for the possibility of an ascending alcohol level. Consequently, he contends, the Statute establishes an impermissible conclusive presumption of guilt arising from a blood-alcohol-concentration reading of .100% in conjunction with proof that the defendant was the operator of the vehicle. As a correlative, the defendant argues that if no such conclusive presumption may be drawn, the test is only circumstantial evidence of his blood-alcohol-level at the time of arrest, the inaccu-

racy or ambiguity of the test being a question for the jury. See Henry v. State, Del.Supr., 298 A.2d 327 (1972). The defendant concludes that the jury charge amounted to an unconstitutional comment on the facts.

 The defendant's contentions are intriguing but unavailing. We must read 21 Del.C. § 4176(a) literally and strictly as requiring proof of two elements for a determination of guilt: (a) proof that the defendant was in physical control of the vehicle and (b) proof that a proper and timely test showed the required percentage of alcohol concentrated in the defendant's system. Coxe v. State, Del.Supr., 281 A.2d 606 (1971). Assuming in the instant case, proof of (a) and (b) beyond a reasonable doubt, the Statute compels a finding of guilt.

 Therefore, the jury charge was not violative of Article 4, § 19, Del.C.Ann., of the Delaware Constitution, prohibiting trial judges from charging juries with respect to matters of fact. The charge here in question related to a matter of law.

 The Statute does not contain a "blind spot", as the defendant contends, regarding the scientific accuracy of the test and the possibility of ascending blood-alcohol levels. A defendant may properly introduce such evidence to show that the test was not timely and proper as required. Coxe v. State, Del.Supr., 281 A.2d 606 (1971). No evidence of that nature was adduced. The requirements of 21 Del.C. § 4176(a) were satisfied and the conviction must stand.

Affirmed.

taken within 2 hours of the alleged offense, shall be guilty under this section. This provision shall not preclude a conviction based on other admissible evidence."

**2.** The charge to the jury included the following statement under attack here:
"In the case before you, there was evidence of the results of a test admitted, which tended to indicate point one zero nine of one percent by weight of alcohol in the defendant's blood. Under the statute I have just read to you, this evidence, if believed by you beyond a reasonable doubt, would constitute proof that the defendant was under the influence of intoxicating liquor, within the meaning of the statute prohibiting the driving of a motor vehicle while a person is in that condition."