STATE of Delaware, Plaintiff
Below, Appellant,

v.

Robert G. BAKER, Defendant
Below, Appellee.

STATE of Delaware, Plaintiff
Below, Appellant,

v.

David M. BUTTERS, Defendant
Below, Appellee.

No. 49, 1998.

Supreme Court of Delaware.

Submitted: Sept. 14, 1998.
Decided: Dec. 1, 1998.

Paul R. Wallace, Deputy Attorney General, Department of Justice, Wilmington, for Appellant.

Robert G. Carey, Assistant Public Defender, Office of the Public Defender, Wilmington, for Appellees.

Before VEASEY, Chief Justice, WALSH and HOLLAND, Justices.

WALSH, Justice:

We granted the State of Delaware leave to file this discretionary appeal from a ruling of the Superior Court, pursuant to 10 *Del. C.* § 9903 and Supreme Court Rule 27(b), as to the two following questions of law:

(i) Whether a plain reading of 21 *Del. C.* § 4177(a)(5) requires that the State prove, as an element of the offense, that a defendant had an alcohol concentration of .10 or greater *while* driving?

(ii) Whether 21 *Del. C.* § 4177(b)(2), which provides that "drinking after driving" is an affirmative defense which the defendant must prove by a preponderance of the evidence, is an unconstitutional violation of a defendant's due process rights?

We conclude that to the extent that 21 *Del. C.* § 4177(a)(5), as drafted, implies that the State is relieved from proving that a defendant's alcohol content was .10 or greater while driving, the statute is unconstitutionally overbroad and void for vagueness. We also hold that 21 *Del. C.* § 4177(b)(2) violates a defendant's due process rights by relieving the State of its burden of proving every element of the offense beyond a reasonable doubt and placing upon the defendant the affirmative obligation to negate an element of the offense. Accordingly, we affirm the judgment of the Superior Court.

## I.

The facts underlying the challenged ruling of the Superior Court affirming two decisions of the Court of Common Pleas are conceded for purposes of this appeal. On May 1, 1995 Robert G. Baker ("Baker") was involved in an accident, left the scene and drove home where he was arrested two hours later. Baker contended that he "consumed a 'six pack and a shot' after the accident," but before his arrest, which caused his alcohol concentration to exceed .10. Baker was charged with Driving a Vehicle While Under the Influence ("DUI") in violation of 21 *Del. C.* § 4177 and related violations for leaving the scene of an accident.

Baker filed a motion *in limine* in the Court of Common Pleas raising the issue of the constitutionality of § 4177(b)(2) which created as an affirmative defense, an attempt by a defendant to prove that he or she "consumed a sufficient quantity of alcohol after the time of driving and before any sampling to cause the person's alcohol concentration to exceed .10." The Court of Common Pleas held that the affirmative defense was unconstitutional as a violation of a defendant's due process right to require the State to prove beyond a reasonable doubt every element of the offense. Following this decision Baker elected, in lieu of trial, to enter into the First Offenders Program pursuant to 21 *Del. C.* § 4177B. The State entered a *nolle prosequi* on the two remaining charges.

In the early morning hours of September 10, 1995, David M. Butters ("Butters") was driving home from a bar when he hit a deer with his vehicle. Butters claims that someone drove him home from the accident, he awakened his father and then returned to the accident scene to survey the damage. Butters and his father asserted that they could not move the car so they returned home and called the police. Butters' father testified that after calling the police, Butters consumed "a large quantity of wine so that he could calm down." Butters went to a hospital where he was treated for a broken wrist. When interviewed by the police, Butters was found to have an alcohol concentration greater than .10.

Butters was arrested and charged with Driving a Vehicle While Under the Influence in violation of 21 *Del. C.* § 4177 and driving at an unsafe speed in violation of 21 *Del. C.* § 4168. A bench trial was held in the Court of Common Pleas. The trial judge dismissed the unsafe speed charge and reserved decision on the DUI charge requesting briefing on the issue of whether the State had proven that Butters was driving under the influence in light of the defense testimony on "drinking after driving." After briefing, the Court of Common Pleas ruled that the State had failed to establish beyond a reasonable doubt that Butters was driving while under the influence of alcohol.. Butters was found not guilty of the DUI charge.

Determining that a substantial question of law was at issue with a bearing on future cases, the Superior Court granted the State's application for leave to appeal the decisions in the Baker and Butters cases pursuant to 10 *Del. C.* § 9903 and Superior Court Criminal Rule 39(f). After briefing, the Superior Court affirmed the decisions of the Court of Common Pleas and held that 21 *Del. C.* 4177(b)(2) was unconstitutional because it "relieves the State of its burden of proving every element of the offense beyond a reasonable doubt by imposing the burden on the defendant to disprove that the defendant was under the influence" while driving. We granted review of the Superior Court's ruling.

## II.

### A.

Before addressing the merits of the State's appeal, we note that the present controversy

involves the scope of 1995 legislative amendments to Delaware's DUI statute as set forth in 70 *Del. Laws*, c. 26. The Synopsis to that legislation recites, in part, that the "changes seek to ... overrule language in *Lewis v. State*, Del.Supr., 626 A.2d 1350, 1354–57 (1993), which seemingly makes alcohol-concentration (even beyond .10) only presumptive evidence of impaired ability...." H.R. 89, 138th General Assembly (Del.1995). The Synopsis further recites that the changes will also "return to the DUI laws the interpretations which prevailed" under *Coxe v. State*, Del.Supr., 281 A.2d 606, 607 (1971) and *Slaughter v. State*, Del.Supr., 322 A.2d 15, 16 (1974). In our view, the Synopsis' treatment of our previous holdings in this area is incorrect and misstates their meaning.

The specific question addressed in *Lewis* was whether the trial court had erred in failing to instruct the jury that the State must prove beyond a reasonable doubt that the defendant operated a motor vehicle "while under the influence." *Lewis*, 626 A.2d at 1351. The defendant was taken into custody by the police not at the scene of the accident, but later at a party, and was intoxicated at the time of arrest. Defendant contended that he drank after driving and that the State must show he was intoxicated while driving. The State argued that it need show only that the defendant was in control of the vehicle, and that a timely test provided the appropriate level of intoxication. *Id.* at 1356.

We held that before the defendant may be found guilty of driving under the influence, the State must prove the defendant drove at or about the time charged, and the defendant was under the influence of alcohol while he drove. 626 A.2d at 1356–57. To the extent the State relied on scientific evidence to prove "under the influence" the BAC test must be taken within four hours of the driving, and the results of the test must demonstrate beyond a reasonable doubt that the BAC level is at .10 or more at the time of driving. *Id.* at 1355–56 Thus, *Lewis* turns on the issue of the timing of alcohol consumption, not the timing of the BAC test.

*Coxe* and *Slaughter* were the leading cases interpreting the driving under the influence statute prior to *Lewis*. We sought in those cases to interpret 21 *Del. C.* § 4176(a), the predecessor to § 4177, which provided that "[a]ny person who drives ... or has in actual physical control a motor vehicle while such person's blood has reached a blood alcohol concentration of 1/10 of 1% ... *shall be guilty* ...." *Coxe*, 281 A.2d at 607. (Emphasis supplied). The cases specifically addressed the importance of a timely BAC test and the contention that the statute created a presumption of guilt on the basis of the test. In both cases, we concluded that the statute did not create a presumption of guilt because it *required proof* (i) that the defendant was in physical control of the vehicle and (ii) that a proper and timely test showed the required BAC concentration in the blood. *Coxe*, 281 A.2d at 607; *Slaughter*, 322 A.2d at 16. These conjunctive elements render the statute's effect to be that of "forbid[ding] any person to operate a motor vehicle if his blood contains .1 of one percent alcohol." *Coxe*, 281 A.2d at 607.

The claim that the test result created a "presumption" of guilt was also addressed in *State v. Rucker*, Del.Super., 297 A.2d 400 (1972). Rucker challenged his conviction on the basis that the BAC test had a variance which could have placed the defendant's BAC level beneath that required by the statute. The trial court found that the variance operated to "reduce[ ] the reading beyond the .1 presumption" and dismissed the charge against the defendant. *Id.* at 402. The Superior Court concluded that there was no statutory presumption of guilt since the State must prove that the defendant had the required BAC level while driving, as determined by proper and timely testing. *Id.*

In *Brank v. State*, Del.Supr., 528 A.2d 1185 (1987) we again had occasion to address the presumptive effect of the BAC test. Although the main issue in that case related to invocation of the right to counsel, the defendant had asserted that the jury instructions under the statute were improper in creating a presumption relating to BAC level. *Id.* at 1191. We held that intoxication was not to be presumed, but must be proven beyond a reasonable doubt, with the other statutory elements, to secure a conviction. *Id.* at 1191–92.

Taken together, these cases form a consistent interpretation of the statutory elements and the prosecution's burden to establish them. The State must prove beyond a reasonable doubt, that the defendant was in physical control of the vehicle, and that a proper and timely test established the appropriate BAC level while driving. *Brank*, 528 A.2d at 1191–92; *Coxe*, 281 A.2d at 607; *Slaughter*, 322 A.2d at 16; *Rucker*, 297 A.2d at 402.

*Lewis* is not at variance with these earlier cases. First, the *Lewis* requirement that the defendant drove a motor vehicle directly corresponds to the requirement of *Coxe* that the State prove operation of the vehicle. *Lewis*, 626 A.2d at 1355; *Coxe*, 281 A.2d at 607. Second, *Lewis* requires that the State also prove the defendant was under the influence, equivalent to *Coxe's* requirement that the defendant operate the vehicle *with* the prohibited BAC. *Lewis*, 626 A.2d at 1355; *Coxe*, 281 A.2d at 607.

*Lewis'* finding that the jury must be instructed that they must find beyond a reasonable doubt that the defendant operated a vehicle *while* under the influence, 626 A.2d at 1351, where no similar instruction was necessary in *Coxe* and *Slaughter*, does not reflect a departure from previous decisions. *Lewis'* holding is made in a different factual context. Indeed, this Court noted that *Coxe* did not provide the basis for a proper jury instruction in *Lewis* because the issue was not the same. 626 A.2d at 1356. Each case required a different emphasis on the elements of the offense but did not dispense with the need to prove all elements of the offense.

In our view, the amendments accomplished in 70 *Del. Laws*, c. 26 are not reflective of, or a return to, the law formulated by this Court in *Coxe* and *Slaughter*. More to the point, the amendments eliminate an element of the offense present in those cases and emphasized in *Lewis*—the proof of convergence of driving and blood alcohol content.

### B.

In order to answer the question of whether a plain reading of 21 *Del. C.* § 4177(a)(5) requires that the State prove, as an element of the offense, *viz.*, that a defendant had an alcohol concentration of .10 or greater while driving, we look first directly to the language of the statute. The State argues that a plain reading of the language requires proof of only two elements: i) that a person drove, operated or had actual physical control of a motor vehicle; and ii) the person had an alcohol concentration of .10 or greater within four hours after driving. Therefore, the State asserts, it is not required to prove that an accused person's alcohol concentration was .10 or greater at the time of driving, except perhaps in the case of "drinking after driving." To the extent that this Court's decision in *Lewis* implies the showing of a "nexus" between drinking and driving, the State argues that the 1995 amendments to § 4177 eliminates or relaxes this requirement.[1]

---

1. The challenged statute, 21 *Del. C.* § 4177 provides in relevant part:
    (a) No person shall drive a vehicle:
      (1) When the person is under the influence of alcohol;
      (2) When the person is under the influence of any drug;
      (3) When the person is under the influence of any combination of alcohol and any drug;
      (4) When the person's alcohol concentration is .10 or more; or
      (5) When the person's alcohol concentration is, within 4 hours after the time of driving, .10 or more.
    (b) In a prosecution for a violation of subsection (a) of this section:
          \*     \*     \*
      (2) It shall be an affirmative defense to a prosecution premised on subsection (a)(5) of this section if the person proves by a preponderance of the evidence that the person consumed a sufficient quantity of alcohol after the time of driving and before any sampling to cause the person's alcohol concentration to exceed .10. Such evidence shall not be admitted unless notice of this defense is given to the prosecution at least 20 days before the trial.
          \*     \*     \*
    (c) For purposes of ... this section ..., the following definitions shall apply:
          \*     \*     \*
      (3) "Drive" shall include driving, operating, or having actual physical control of a vehicle.
          \*     \*     \*
      (5) "While under the influence" shall mean that the person is, because of alcohol or drugs or a combination of both, less able

■ Baker and Butters challenge the constitutionality of § 4177(a)(5) urging that the statute is vague and overbroad, punishes constitutionally protected activity, and encourages "arbitrary and discriminatory conduct." Statutory construction "involves a purely legal interpretation," and thus our standard of review is *de novo. Richardson v. State,* Del.Supr., 673 A.2d 144, 145–46 (1996). At the outset we acknowledge the "strong judicial tradition in Delaware" that supports a "presumption of the constitutionality of a legislative enactment." *Snell v. Engineered Systems & Designs, Inc.,* Del.Supr., 669 A.2d 13, 17 (1995). All doubts are resolved in favor of the challenged legislative act. *Opinion of the Justices,* Del.Supr., 425 A.2d 604, 606 (1981), *quoting Justice v. Gatchell,* Del. Supr., 325 A.2d 97, 102 (1974). "[W]here a possible infringement of a constitutional guarantee exists, the interpreting court should strive to construe the legislative intent so as to avoid unnecessary constitutional infirmities." *Richardson v. Wile,* Del.Supr., 535 A.2d 1346, 1350 (1988).

■ Where a statute is challenged on the basis of overbreadth and vagueness "a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494–95, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982) (footnotes omitted). If the statute implicates no constitutionally protected conduct, the challenge should be upheld "only if the enactment is impermissibly vague in all of its applications." *Id.* at 495, 102 S.Ct. 1186. "A law that does not reach constitutionally protected conduct and therefore satisfies the overbreadth test may nevertheless be challenged on its face as unduly vague," if a due process violation is implicated. *Id.* at 497, 102 S.Ct. 1186. "To succeed, however, the complainant must demonstrate that the law is impermissibly vague in all of its applications." *Id.; In re Kennedy,* Del.Supr., 472 A.2d 1317, 1330, *cert. denied,* 467 U.S. 1205, 104 S.Ct. 2388, 81 L.Ed.2d 346 (1984). "[W]here a statute imposes criminal penalties, the standard of certainty is higher. This concern has, at times, led [the Supreme Court of the United States] to invalidate a criminal statute on its face even when it could conceivably have had some valid application." *Kolender v. Lawson,* 461 U.S. 352, 358 n. 8, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983) (citations omitted).

1.

We begin our overbreadth analysis by examining the legislative purpose of the 1995 amendments. In determining legislative intent it is important to "give effect to the whole statute, and leave no part superfluous." *Keeler v. Harford Mutual Ins. Co.,* Del. Supr., 672 A.2d 1012, 1016 (1996). The "evil" to which 21 *Del. C.* § 4177 is addressed is clearly the problems associated with impaired drivers and the statute is not meant to "permit a person who drives *prior* to drinking alcohol to be convicted if the individual consumed enough alcohol *after* driving to raise his BAC" to the prohibited level. *Lewis,* 626 A.2d at 1356. (Emphasis supplied). We further note that the current definitions for "drive" and "while under the influence" were added at the same time as the disputed subsections (a)(5) and (c)(2).

■ The next factor in the overbreadth analysis is whether the statute reaches a substantial amount of constitutionally protected conduct. A statute is facially overbroad when it "does not aim specifically at

---

than the person would ordinarily have been, either mentally or physically, to exercise clear judgment, sufficient physical control, or due care in the driving of a vehicle.

\* \* \*

(g) For purposes of a conviction premised upon subsection (a) of this section, or any proceeding pursuant to this Code in which an issue is whether a person was driving a vehicle while under the influence, evidence establishing the presence and concentration of alcohol or drugs in the person's blood, breath or urine shall be relevant and admissible. . . .

(1) Evidence of an alcohol concentration of .05 or less in a person's blood, breath or urine sample taken within 4 hours of driving and tested as defined in subsection (c)(2) of this section is prima facie evidence that the person was not under the influence of alcohol within the meaning of this statute . . . .

\* \* \*

evils within the allowable area of government control, but ... sweeps within its ambit other activities that constitute an exercise of protected expressive or associational rights." *United Video Concepts, Inc. v. Dover*, Del.Super., No. 93A–10–004, 1994 WL 682321 at *2 (Oct. 31, 1994), *aff'd*, Del.Supr., 660 A.2d 396 (1995), *quoting* L. Tribe, AMERICAN CONSTITUTIONAL LAW, § 12–24, p. 710. A claim of overbreadth may be brought even if the activity engaged in falls within an allowable area of control if there is a showing that the statute is "overbroad in a real and substantial manner" and "no limiting construction is possible." *United Video Concepts, Inc.*, 1994 WL 682321 at *2.

■ The State answers the overbreadth challenge to § 4177(a)(5) by adopting the holding of a federal district court[2] that "hidden ... in the [overbreadth] argument seems to be the assumption that a person is not affected by alcohol until the person reaches" a BAC of .10 and therefore "only driving with an alcohol concentration of .10 or more may be prohibited." The State argues, without supportive citations, that "this limited notion of *per se* DUI laws is being universally rejected and criticized by reviewing courts."

But the challenge here is not to the authority of the legislature to enact a statute prohibiting a BAC of less than .10, a power clearly within the legislative purview. The claim is that § 4177(a)(5) reaches conduct that the legislature did not intend to proscribe. Indeed, the Synopsis recites the standard that ".10 BAC is the legal limit." Moreover, § 4177(g)(1) is explicit in the pronouncement that a BAC of .05 or less is *prima facie* evidence that a person is *not* under the influence of alcohol within the meaning of the statute.

As to the second overbreadth factor, the State claims that the statutory language and the accompanying Synopsis clearly indicate that the legislature did not intend to punish people for consumption of alcohol not associated with the operation of a vehicle. The State argues that Baker and Butters have failed to provide evidence that § 4177(a)(5) has ever been enforced against an individual for "alcohol consumption not connected with driving" or that it is likely to be enforced in such a manner. Finally, the State relies on the affirmative defense set forth in § 4177(b)(2) or, alternatively, the opportunity for an appropriate jury instruction regarding a "nexus" element to eliminate such a risk.

Although the State argues that no evidence was presented that the statute would be enforced against an individual whose alcohol consumption was not connected with the operation of a vehicle, this is exactly what was argued by Baker and Butters in the courts below. Baker contended that he consumed a "six pack and a shot" after his accident; Butters testified that he consumed "a large quantity of wine" in order to calm down after his accident. Since § 4177(a)(5), as written, makes no distinction between the sequence of drinking, there is a real probability that individuals will be punished for consuming alcohol that was not associated with the operation of a motor vehicle.

The State, Baker, and Butters have all pointed to authority from other jurisdictions that have similar DUI statutes in support of their arguments concerning the constitutionality of § 4177(a)(5). Several of these jurisdictions have considered a challenge on the basis of overbreadth. We examine these cases in order to aid our analysis.

The Arizona DUI statute[3] was challenged on the basis of overbreadth in two Arizona

**2.** *United States v. Skinner*, W.D.Wash., 973 F.Supp. 975, 980 (1997).

**3.** ARIZ. REV. STAT. ANN. § 28–1381, formerly § 28–692, provides in relevant part:

 A. It is unlawful for a person to drive or be in actual physical control of a vehicle in this

state under any of the following circumstances:

\* \* \*

 2. If the person has an alcohol concentration of 0.10 or more within two hours of driving or being in actual physical control of the vehicle.

\* \* \*

 C. It is an affirmative defense to a charge of a violation of subsection A, paragraph 2 of this section if the person did not have an alcohol

Court of Appeals cases. In *Cacavas v. Bowen*, Ariz. Ct.App., 168 Ariz. 114, 811 P.2d 366, 369–70 (1991) the court rejected what it understood was a claim that the statute was unconstitutionally overbroad. The court first noted its belief that the petitioners in that case lacked standing to challenge the provision on the basis that the statute could be applied to an individual who does not begin to drink until he or she "ceases to drive," when the petitioners had been stopped while driving their vehicles. *Id.* 811 P.2d at 369. The *Cacavas* court found the petitioners not to be among a "group of persons who [we]re 'unblameworthy.'" *Id.* at 370.

The *Cacavas* court took its analysis further. The court stated that "[i]n any event" the statute was not unconstitutionally overbroad because "[w]e do not believe that either drinking or driving are fundamental rights." 811 P.2d at 370. The court, quoting from an earlier Arizona Supreme Court case stated, "[e]ven if we assume that a right to drive is fundamental when one can meet the qualifications set by the legislature, and assume that one of suitable age has a 'right' to drink in a state which licenses and permits the sale of alcoholic beverages, the statute does not affect these rights. It does not prohibit driving. It does not prohibit drinking. It prohibits drinking and driving." 811 P.2d at 370, *quoting Fuenning v. Superior Court*, Ariz.Supr., 139 Ariz. 590, 680 P.2d 121, 128 (1983).[4]

Later, in *State v. Martin*, Ariz. Ct.App., 174 Ariz. 118, 847 P.2d 619, 621 (1992), the statute again faced a challenge on the basis of overbreadth. The court held that because the defendant had not alleged that the statute substantially infringed upon "protected First Amendment freedoms or that he [was]

a member of a class of 'innocent' defendants" he did not have standing to assert the overbreadth challenge. *Id.* at 624.

The Arizona cases are distinguishable from the cases under review. First, both Baker and Butters have contended that they are among a "class of innocent defendants." Additionally, while it is true that overbreadth challenges frequently are brought to challenge infringement of First Amendment freedoms, the statute at issue here, standing alone with no implied element requiring a connection of drinking with driving, imposes criminal sanctions on activity that was not meant to be proscribed. There is no claim of a constitutional right to "drink and drive," and that is not the issue before us. An overbroad application of the DUI statute infringes on a person's liberty interest in having to defend a criminal action for conduct that the legislature clearly did not intend to proscribe.

The Georgia Supreme Court also held that the Georgia DUI statute was not unconstitutionally broad. *Bohannon v. State*, Ga.Supr., 269 Ga. 130, 497 S.E.2d 552, 557 (1998). Using an analysis similar to the Arizona courts, the Georgia Supreme Court majority perceived Bohannon's position as "contend[ing] that a person has the constitutional right to drink and drive so long as he is not impaired and a constitutional right to drink and drive so long as his blood-alcohol content does not reach a specified level at the time of driving." *Id.* at 557.

We have considered the other decisions advanced by the State but find them distinguishable or unpersuasive. *See State v. Chirpich*, Minn. Ct.App., 392 N.W.2d 34, 37

concentration of 0.10 or more at the time of driving or of being in actual physical control of a vehicle. If a defendant produces some credible evidence that the defendant's alcohol concentration at the time of driving or being in actual physical control of a vehicle was below 0.10, the state must prove beyond a reasonable doubt that the defendant's alcohol concentration was 0.10 or more at the time of driving or being in actual physical control of a vehicle.

\* \* \*

We note that the Arizona statute sets the relevant time period as "within two hours" while § 4177(a)(5) provides "within 4 hours ." The longer time period increases the potential number of "unblameworthy" or "innocent" defendants to whom the statute may be applied.

4. The *Fuenning* court was addressing a predecessor DUI statute which was the substantial equivalent of 21 *Del. C.* § 4177(a)(4) prohibiting driving a vehicle when the person's alcohol concentration is .10 or more. 680 P.2d at 123.

(1986), *cert. denied,* 481 U.S. 1015, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987) (holding Minnesota DUI statute requiring that test be within two hours of driving was not unconstitutionally overbroad because "driving while under the influence is not constitutionally protected conduct"); *Sereika v. State,* Nev. Supr., 114 Nev. 175, 955 P.2d 175, 180 (1998) (holding that Nevada's DUI statute requiring the test be obtained within two hours was not constitutionally overbroad in rising BAC cases because the state has a legitimate interest in "preventing people from driving after ingesting any substance that will render them incapable of driving safely ..." and declining to "strike down" an otherwise valid statute on the "unsubstantiated possibility of unconstitutional enforcement" of someone who drank only after driving); *City of Fargo v. Stensland,* N.D.Supr., 492 N.W.2d 591, 593–94 (1992) (holding that the defendants lacked standing to challenge the North Dakota two hour testing DUI statutory provision on the basis of overbreadth because they had pointed to no constitutionally protected activity and had challenged the statute on behalf of others to which it had been argued the statute might unconstitutionally be applied).

The Pennsylvania Supreme Court recently addressed a claim of overbreadth and vagueness directed against that state's DUI law [5], a statute similar to § 4177(a)(5). In *Commonwealth v. Barud,* Pa.Supr., 545 Pa. 297, 681 A.2d 162 (1996) the court held that "without requiring any proof that the person actually exceeded the legal limit of .10% at the time of driving, the statute [swept] unnecessarily broadly into activity which has not been declared unlawful," meaning "operating a motor vehicle with a BAC below .10%." *Id.* at 166. The court found "[a]s currently en-

acted ... the statute does not even require any proof that the person had a BAC above the legal limit at the time of driving, thereby criminalizing conduct which has not been declared criminal by the legislature." *Id.*

In a similar vein, we find that 21 *Del. C.* § 4177(a)(5), without an implied element connecting the consumption of alcohol with driving, is unconstitutionally overbroad by criminalizing conduct that was not intended to be proscribed by our legislature. Specifically 21 *Del. C.* § 4177(a)(5) is overbroad in two distinct sets of circumstances. First, the statute as written would include an individual who drinks only after driving, as claimed by Baker and Butters. Second, the statute would include a person who drove with a BAC of .05 or less but whose BAC rose to .10 within the ensuing four hours. We acknowledge that the legislature has within its power to declare driving with any alcohol within one's system to be illegal. But in the current scheme, the legislature has declared that evidence of a BAC of .05 or less is *prima facie* evidence that a person was not under the influence of alcohol within the meaning of the statute, and has defined "[w]hile under the influence" to mean resulting in a person being less able than ordinarily "to exercise clear judgment, sufficient physical control, or due care in the driving of a vehicle." 21 *Del. C.* § 4177(c)(5), (g)(1). That legislative format cannot be reconciled with § 4177(a)(5)'s blanket proscription.

### 2.

■ A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated behavior is forbidden by the statute, or if it encourages arbitrary or erratic enforcement. *Sanders v.*

---

**5.** The Pennsylvania statute, 75 Pa.C.S. § 3731, at the time of the *Barud* opinion included the following:

(a) Offense defined—A person shall not drive, operate or be in actual physical control of the movement of any vehicle:

\* \* \*

(5) if the amount of alcohol by weight in the blood of the person is 0.10% or greater at the time of a chemical test of a sample of the person's breath, blood or urine, which sample is:

(i) obtained within three hours after the person drove, operated or was in actual physical control of the vehicle . . . .

The statute further provided an affirmative defense if the "accused [could] establish by a preponderance of the evidence that he or she consumed enough alcohol after the last instance in which the person drove which caused their BAC to rise above .10% at the time of testing." 681 A.2d at 164.

*State,* Del.Supr., 585 A.2d 117, 127 (1990). The test to be applied in determining whether a criminal statute is void for vagueness is:

> [t]hat the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties ...; and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.

*State v. J.K.,* Del.Supr., 383 A.2d 283, 291 (1977), *cert. denied,* 435 U.S. 1009, 98 S.Ct. 1882, 56 L.Ed.2d 392 (1978), *quoting Connally v. General Construction Co.,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926). "The underlying principle is that no man [or woman] shall be held criminally responsible for conduct which he [or she] could not reasonably understand to be proscribed." *United States v. Harriss,* 347 U.S. 612, 617, 74 S.Ct. 808, 98 L.Ed. 989 (1954).

■ Although the void for vagueness doctrine "focuses both on actual notice to citizens and arbitrary enforcement, [the Supreme Court of the United States] has recognized recently that the more important aspect ... 'is not actual notice, but the other principal element of the doctrine—the requirement that a legislature establish minimal guidelines to govern law enforcement.' " *Kolender v. Lawson,* 461 U.S. 352, 357–58, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983), *quoting Smith v. Goguen,* 415 U.S. 566, 574, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974). "It would certainly be dangerous if the legislature could set a net large enough to catch all possible offenders, and leave it to the courts to step inside and say who could be rightfully detained, and who should be set at large." *Kolender,* 461 U.S. at 358 n. 7, 103 S.Ct. 1855, *quoting United States v. Reese,* 92 U.S. 214, 221, 23 L.Ed. 563 (1875). Minimal guidelines for law enforcement are necessary to prevent a "standardless sweep" allowing the pursuit of "personal predilections." *Robinson v. State,* Del.Supr., 600 A.2d 356, 365 (1991).

The Superior Court found our DUI statute "creat[ed] confusion as to what level of alcohol in the blood is prohibited since the statute could be interpreted as creating two circumstances in which a person could be prosecuted: 1) a BAC of .10 or greater while driving or 2) a BAC less than .10 while driving but more than .10 within [four] hours of driving." 1997 WL 716896 at *6. The Superior Court concluded that "an ordinary person could not contemplate their future conduct." 1997 WL 716896 at *6.

Baker and Butters argue that § 4177(a)(5) "provides no standards, let alone the explicit standards required." The State counters that the statute "gives fair notice that, although driving after drinking is not illegal *per se,* driving becomes illegal after a certain level of consumption; the fact that people cannot sense exactly what their BAC is at any given moment or will be in [four] hours does not change this."[6] Therefore the State urges that § 4177(a)(5) is clear enough for people to understand that "by driving after drinking a significant amount" they are at risk of violating the statute and this satisfies the test for vagueness.

The State, Baker, and Butters rely on the same authorities from other jurisdictions also in support of their respective arguments concerning the vagueness challenge to § 4177(a)(5). Again, we adopt the reasoning of the Pennsylvania Supreme Court in *Barud* as the most persuasive and based on the similarity between DUI statutes. In finding the Pennsylvania statute void for vagueness, the court found that the statute "ha[d] the effect of creating significant confusion as to exactly what level of alcohol in the blood [was] prohibited...." 681 A.2d at 166. The court found that the current statute could be interpreted as creating two circumstances under which a person could be prosecuted: i) "either where the person had an actual BAC of .10% at the time of driving;" or ii) "where a person has a BAC somewhere below .10% at the time of driving but which rises above .10% within three hours after driving." *Id.* The court held that the statute did "not provide a reasonable standard by which an

---

**6.** *Quoting* from *Skinner,* 973 F.Supp. at 980.

ordinary person may contemplate their future conduct." *Id.*

We hold that 21 *Del. C.* § 4177(a)(5) is void for vagueness. By enacting § 4177(a)(5) the legislature cast "a net large enough to catch all possible offenders [leaving] it to the courts to step inside and say who could be rightfully detained, and who should be set at large." [7] A person who drinks only after driving does not reasonably have notice that he or she is violating our Driving a Vehicle While Under the Influence statute. A person who drives with a BAC of .05 or less, and is not "under the influence" as defined, but whose BAC rises to .10 within four hours of the time of driving may not be certain his or her conduct is proscribed.

Not only does § 4177(a)(5) fail to give adequate notice to persons of ordinary intelligence that his or her contemplated behavior is forbidden, it also encourages arbitrary enforcement. As stated most succinctly by Justice Sanders: "[t]he same driver tested at roadside would be acquitted, whereas if he were tested later, he might be convicted." [8]

Because we cannot reconcile the vague language and sweeping implications of § 4177(a)(5) with the due process rights of defendants, we conclude that it fails to pass constitutional muster.

### III.

The second question accepted for review is whether the designation of "drinking after driving" as an affirmative defense in 21 *Del. C.* § 4177(b)(2) impermissibly shifts the burden of proof in a criminal case. The State claims that the lower courts finding that the affirmative defense is invalid, is based on a misconstruction of the elements of the offense of Driving A Vehicle While Under the Influence. The State argues that § 4177(b)(2) comes into play only after the State has proven that the defendant "drove, operated or had actual physical control of a motor vehicle" and the person had an alcohol concentration of ".10 or more within four hours after he or she drove." The affirma-

tive defense set forth in § 4177(b)(2), it is argued, correctly relegates "drinking after driving" to the level of "justification" or "excuse."

Baker and Butters argue that § 4177(b)(2) impermissibly relieves the State of its burden of proving each and every element of the offense beyond a reasonable doubt by shifting to the defendant the burden of proving that the alleged intoxication occurred while the defendant was operating a vehicle.

The United States Supreme Court in *In re Winship* explicitly held that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *Walls v. State,* Del.Supr., 560 A.2d 1038, 1046, *cert. denied,* 493 U.S. 967, 110 S.Ct. 412, 107 L.Ed.2d 377 (1989). The elements of each criminal offense are defined by the state through statutory enactment. 560 A.2d at 1046; 11 *Del. C.* § 202.

An affirmative defense may stand where the state is required to prove beyond a reasonable doubt "all of the elements included in the definition of the offense of which the defendant is charged," and where no "further facts are either presumed or inferred in order to constitute" that offense. *Patterson v. New York,* 432 U.S. 197, 205–06, 210, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). "It would be an abuse of affirmative defenses, as it would be of presumptions in the criminal law, if the purpose or effect were to unhinge the procedural presumption of innocence which historically and constitutionally shields one charged with crime.... The affirmative defense, intelligently used, permits the gradation of offenses at the earlier stages of prosecution and certainly at the trial, and thus offers the opportunity to a defendant to allege or prove, if he can, the distinction between the offense charged and the mitigating circumstances which should ameliorate the degree or kind of offense." *Patterson,* 432 U.S. at 211 n. 13, 97 S.Ct.

---

**7.** *Kolender,* 461 U.S. at 358 n. 7, 103 S.Ct. 1855.

**8.** *State v. Crediford,* Wash.Supr., 130 Wash.2d 747, 927 P.2d 1129, 1138 (1996) (Sanders, J., concurring).

2319, *quoting People v. Patterson*, 39 N.Y.2d 288, 383 N.Y.S.2d 573, 347 N.E.2d 898, 909–910 (1976) (Brietel, C.J., concurring).

■ The Delaware Criminal Code is explicit in its allocation of burden of proof in criminal cases. The State must present "some credible evidence tending to prove the existence of each element of the offense," 11 *Del. C.* § 301(a), and "each element of the offense [must be] proved beyond a reasonable doubt." 11 *Del. C.* § 301(b). The defendant, on the other hand, "may produce whatever evidence [he] has tending to negate the existence of any element of the offense," 11 *Del. C.* § 302(b), and is entitled to an acquittal if each element of the offense is not proved beyond a reasonable doubt. 11 *Del. C.* § 302(a). The defendant "has no higher burden with respect to any of the elements of the offense than to suggest a reasonable doubt as to their existence." *Commentary on Delaware Criminal Code*, p. 59 (1973).

■ As contrasted with a "simple" defense that raises or suggests reasonable doubt, the Delaware Criminal Code recognizes that the General Assembly may create affirmative defenses which "the defendant has the burden of establishing ... by a preponderance of the evidence." 11 *Del. C.* § 304(a). The affirmative defense, in effect, admits "that the defendant did the criminal act," but seeks to excuse or mitigate the conduct. *Commentary*, p. 62. In the words of the *Commentary:* "[a]n affirmative defense should be exceptional, for it is contrary to traditional notions about criminal justice." *Commentary*, p. 63. A defense, such as alibi, which denies guilt cannot be classified as an affirmative defense if, in effect, it unjustly shifts from the State the burden of proving all the elements of the offense. *Rogers v. State*, Del.Supr., 343 A.2d 608, 610 (1975).

■ Only two other jurisdictions have addressed directly the issue of whether an af-

firmative defense involving evidence of consumption of alcohol after driving but before testing impermissibly shifts to the defendant the State's burden of proving every element of the offense beyond a reasonable doubt.[9] The Supreme Court of Washington found the affirmative defense contained in its DUI statute was unconstitutional, while the Arizona Court of Appeals upheld its affirmative defense provision.

The Arizona Court of Appeals in *Cacavas* upheld its affirmative defense provision [10] because the "statute has created a new crime" that no longer includes operating or controlling a vehicle with a BAC of .10 percent or greater. 811 P.2d at 368–69. And in *Martin* the court stated that the "essential element ... is having a BAC of 0.10 percent within two hours after driving. [The affirmative defense provision] neither establishes that element nor places the burden of disproving it on the defendant." 847 P.2d at 624.

Notwithstanding any disagreement about the necessary elements, we find that the Arizona affirmative defense provision is distinguishable from 21 *Del. C.* § 4177(b)(2). The Arizona statute provides that if a "defendant produces *some credible evidence* that the defendant's alcohol concentration at the time of driving or being in actual physical control of a vehicle was below 0 .10, the *state must prove beyond a reasonable doubt* that the defendant's alcohol concentration was 0.10 or more at the time of driving...." ARIZ. REV. STAT. ANN. § 28–1381(C). (Emphasis added). Thus, in Arizona, a defendant merely has to present some credible evidence before the burden shifts to the State to prove beyond a reasonable doubt that the prohibited BAC level coincided with driving. In contrast, under § 4177(b)(2) the defendant must prove by a preponderance of the evidence that the defendant consumed a sufficient quantity of alcohol after the time of driving and before any sampling to cause the

---

**9.** In *State v. Bashaw*, Minn. Ct.App., 531 N.W.2d 203 (1995), the court addressed whether the trial court had erred in excluding the defendant's consumption of alcohol after driving evidence under the notice provision of the affirmative defense section. The court found that error had occurred because the defendant in that case had been charged under a different subsection of the

statute, and therefore the notice provision did not apply because his evidence was presented to directly negate an element of the offense. 531 N.W.2d at 208.

**10.** *See* note 3 *supra* for the text of Arizona's DUI statute.

BAC to exceed .10. "Delaware, unlike Arizona, has clearly attempted to shift the burden to disprove an element of the offense to the defense." 1997 WL 716896 at *8.

The Washington Supreme Court in *Crediford* struck down an affirmative defense provision in its DUI statute [11] which is virtually identical to 21 *Del. C.* § 4177(b)(2). The *Crediford* court found that the requirement that the defendant prove by a preponderance of the evidence that he or she consumed a sufficient quantity of alcohol after driving and before testing to cause their BAC to be .10 or more within two hours "flies in the face of the well-established principle that every person accused of a crime is constitutionally endowed with an overriding presumption of innocence, a presumption that extends to every element of the charged offense." 927 P.2d at 1135. The court also found that the requirement ran "counter to the constitutional requirement that the prosecution must prove every element of its case beyond a reasonable doubt." *Id.* The court held that the Washington affirmative defense statute violated the Due Process Clause of the United States Constitution. *Id.*

We hold that 21 *Del. C.* § 4177(b)(2) violates a defendant's due process rights by impermissibly shifting to the defendant the burden of disproving an element of the offense of Driving a Vehicle While Under the Influence. The statute is fatally inconsistent with the concepts underlying the creation of affirmative defenses under the Delaware Criminal Code. Accordingly, we find it unconstitutional.

## IV.

On the basis of the foregoing, we affirm the decisions of the Superior Court and conclude that 21 *Del. C.* § 4177(a)(5) is void for vagueness and constitutionally overbroad. We further conclude that, to the extent 21 *Del. C.* § 4177(b)(2) creates an affirmative defense, it is unconstitutional as a violation of a defendant's due process rights. Our decision is limited to the questions accepted for review and is not intended to affect the remaining provisions of 21 *Del. C.* § 4177.

---

11. The Washington DUI statute, WASH. REV. CODE ANN. § 46.61.502, provides in relevant part:

(1) A person is guilty of driving under the influence of intoxicating liquor or any drug if the person drives a vehicle within this state: (a) And the person has, within two hours after driving, an alcohol concentration of 0.10 or higher as shown by analysis of the person's breath or blood ...

\* \* \*

(3) It is an affirmative defense to a violation of subsection (1)(a) of this section which the defendant must prove by a preponderance of the evidence that the defendant consumed a sufficient quantity of alcohol after the time of driving and before the administration of an analysis of the person's breath or blood to cause the defendant's alcohol concentration to be 0.10 or more within two hours after driving. The court shall not admit evidence of this defense unless the defendant notifies the prosecution prior to the omnibus or pretrial hearing in the case of the defendant's intent to assert the affirmative defense.