Daniel WIEN, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 349, 2004.

Supreme Court of Delaware.

Submitted: July 13, 2005.
Decided: July 22, 2005.

John F. Brady, Esquire, of Brown, Shiels, Beauregard & Chasanov, Georgetown, Delaware; for Appellant.

Kim Ayvazian, Esquire, Department of Justice, Georgetown, Delaware; for Appellee.

Before STEELE, Chief Justice, BERGER and JACOBS, Justices.

JACOBS, Justice.

The defendant-below appellant, Daniel Wien, appeals from his conviction in the Superior Court of three counts of violating the Wetlands Act.[1] On appeal Wien maintains that (1) the statute under which he was convicted is unconstitutionally vague and overbroad; and that the Superior Court erred: (2) by denying his motion to suppress evidence that (Wien contends) was the product of an illegal search of his property; (3) by excluding as irrelevant certain testimony that Wien sought to have admitted; and (4) by failing properly to instruct the jury on the mental state required to convict him. We conclude that the statute is not overbroad or vague and that Wien's other claims of error are meritless. We therefore affirm.

### Facts

Wien owns waterfront property on Joseph's Creek near Rehoboth Beach. In 1988, portions of Wien's land were designated as wetlands.[2] Wien was aware of this designation and was furnished a map indicating those portions of his land that qualified as "wetlands."

1. 7 *Del. C.* § 6601, *et. seq.*

2. "Wetlands" is defined by statute to include lands on certain Delaware waterways which sit at a certain elevation and upon which may grow certain specified species of plants. See 7 *Del. C.* § 6603(h).

After portions of his land were eroded by storms in 1998 and 1999, Wien began erecting an erosion barrier in a "U" shape around a channel that penetrated his wetlands. Wien constructed the barrier using 40–pound bags of concrete mixed with sand. The sand and concrete bags were dry when they were stacked, but after the bags were exposed to the rain, the concrete hardened. By the time the Department of Natural Resources and Environmental Control ("DNREC") issued a "cease and desist" order, the barrier consisted of about 1700 bags of concrete and was approximately 406 feet long.

In April 2003, William Moyer, a DNREC official, received a complaint about activity on Wien's wetlands.[3] Before he went to observe Wien's property, Moyer verified that Wien did not have any permit for wetlands activity. From the road outside Wien's property, Moyer observed several pallets stacked with concrete bags. Moyer was familiar with Wien's land, and from his roadside vantage point, he was able to conclude that the bags were placed in a wetlands or a subaqueous land area.[4] Moyer also observed tire tracks leading farther into the wetlands area of Wien's property.

Based on these observations, Moyer concluded that Wien was violating Delaware's wetlands law. Moyer then entered the property, where he found the barrier Wien had constructed around the channel. Wien admitted to Moyer that he had put dirt "fill" across the wetlands so that trucks could deliver more concrete bags. Wien was charged with three counts of conducting activity on wetlands without obtaining a permit. Following a trial, he was convicted of all three counts. Wien appeals from that conviction.

### Statutory Overbreadth

■■■ Wien first contends that the statute under which he was charged and convicted is unconstitutionally vague and overbroad. The statute, 7 *Del. C.* § 6604(a), provides that: "Any activity in the wetlands requires a permit from [DNREC] except the activity or activities exempted by this chapter." The term "activity" is defined as "any dredging, draining, filling, bulkheading, construction of any kind, including but not limited to, construction of a pier, jetty, breakwater, boat ramp, or mining, drilling or excavation."[5] Wien was convicted of two counts of "constructing" a barrier without a permit, and one count of "filling" the wetlands without a permit. This Court reviews questions of statutory construction *de novo*.[6] Where such review is of a constitutional nature, there is a strong presumption that a legislative enactment is constitutional.[7]

■■■ A statute is unconstitutionally overbroad if it "does not aim specifically at evils within the allowable area of government control, but sweeps within its ambit other activities that constitute an exercise of protected expressive or associational

---

3. Moyer is an environmental manager with DNREC, working in the Wetlands and Subaqueous Lands Section.

4. Similar to the Wetlands Act, 7 *Del. C.* § 7205, prohibits a person from constructing, modifying, repairing, or reconstructing any structure on subaqueous lands without first obtaining a permit from DNREC. Because he knew that the barrier was constructed on either wetlands or subaqueous lands, Moyer knew before entering the property that Wien was violating Delaware law.

5. 7 *Del. C.* § 6603(a).

6. *Richardson v. State*, 673 A.2d 144, 145–46 (Del.1996).

7. *Snell v. Eng'g Sys. & Designs, Inc.*, 669 A.2d 13, 17 (Del.1995).

rights." [8] Wien contends that Section 6604 is overbroad because it unnecessarily restricts his constitutional right to access navigable waterways. We conclude that Section 6604 does not restrict constitutionally protected conduct.

 Where a statute is challenged for overbreadth, the threshold inquiry is whether the statutory reach encompasses a substantial category of constitutionally protected conduct. If not, the statute is not constitutionally overbroad.[9] In this case, Wien's overbreadth argument fails, because Section 6604 does not regulate conduct that is constitutionally protected. The State has legitimate power to regulate private riparian rights.[10] That is what Section 6604 regulates. Wien's argument is faulty because it mischaracterizes the nature of the statute. The wetlands statute does not prohibit access to navigable waterways; rather it requires property owners to obtain a DNREC permit before conducting activities on their wetland property. If Wien believed that the regulation restricted his property rights to such a degree as to constitute a "taking," he had an adequate remedy under the "takings" clause of the United States Constitution.[11]

 Wien also contends that Section 6604 is unconstitutionally vague because it does not precisely define what conduct qualifies as "construction." A statute is void for vagueness if "it fails to give a person of ordinary intelligence fair notice that his contemplated behavior is forbidden by the statute, or if it encourages arbitrary or erratic enforcement." [12] Courts review constitutional vagueness challenges within the context of the defendant's own conduct.[13] Therefore, the question is whether a reasonable person in Wien's position should have understood that the barrier he erected using concrete bags was "construction" for which he needed to obtain a permit.

Although the term "construction" is not specifically defined in Section 6604, the ordinary meaning of the term is commonly understood. The dictionary definition of construction is "a structure, such as a building, framework, or model." [14] The statute clarifies that meaning by providing that construction includes a "pier, jetty, breakwater, boatramp, or mining." Because the erection of a permanent erosion barrier is similar to the examples set forth in the statute, the term "construction" would inform a reasonable person that such a permanent structure requires a permit. Therefore, Wien should have known that the erection of a 406 foot long barrier was "construction" for which he needed to obtain a permit, and the statute is not impermissibly vague.

 Lastly, Wien contends that the statute is vague because it does not pro-

**8.** *State v. Baker,* 720 A.2d 1139, 1144–45 (Del. 1998).

**9.** *Id.* at 1144 (citing *Village of Hoffman Estates v. Flipside,* 455 U.S. 489, 494–95, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982)).

**10.** *City of Wilmington v. Parcel of Land known as Tax Parcel,* 607 A.2d 1163, 1169 (Del. 1992).

**11.** U.S. CONST. Amend. V. *See, Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,* 535 U.S. 302, 122 S.Ct. 1465, 152 L.Ed.2d 517 (2002); *Lucas v. South Carolina Coastal Council,* 505 U.S. 1003, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992); *Penn Central Trans. Co. v. New York,* 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978).

**12.** *Baker,* 720 A.2d at 1147–48 (citing *Sanders v. State,* 585 A.2d 117, 127 (Del.1990)).

**13.** *Crissman v. Delaware Harness Racing Comm'n,* 791 A.2d 745, 747 (Del.2002).

**14.** The American Heritage Dictionary of the English Language, Fourth Edition (2000).

vide minimum guidelines for enforcement.[15] The legislature may delegate to an administrative agency the power to apply legislative mandates, but in so doing, it must provide "adequate safeguards and standards to guide discretion."[16] Section 6604 satisfies that standard, because the statute articulates six criteria that the Secretary of DNREC must consider in determining whether to issue a permit for wetlands activity.[17] Because those criteria provide a definite standard that the DNREC Secretary must apply, Section 6604 is not unconstitutionally vague.[18]

### Motion to Suppress

 Wien next claims that the Superior Court erred by denying his motion to suppress the evidence Moyer found upon entering Wien's property. This Court reviews a trial court's denial of a motion to suppress evidence for abuse of discretion.[19] Wien contends that Moyer's entry onto his land was illegal, because Moyer did not provide written notice as required by 7 *Del. C.* § 6616. The Superior Court held that although Moyer had not provided the statutory notice required by Section 6616, his presence on Wien's land was justified under the "plain view" exception to the warrant requirement.

7 *Del. C.* § 6616 provides that a DNREC official "may enter, at reasonable times, upon any private or public property for the purpose of determining whether a violation [of the Wetlands Act] exists ... upon giving written notice. . . ." The State

---

15. The vagueness doctrine requires the legislature to establish minimum guidelines to govern law enforcement. *Baker,* 720 A.2d at 1148.

16. *Atlantis I Condo. Ass'n v. Bryson,* 403 A.2d 711, 713 (Del.1979).

17. 7 *Del. C.* § 6604(b) provides that: The Secretary shall consider the following factors prior to issuance of any permit:

(1) Environmental impact, including but not limited to, likely destruction of wetlands and flora and fauna; impact of the site preparation on tidal ebb and flow and the otherwise normal drainage of the area in question, especially as it relates to flood control; impact of the site preparation and proposed activity on land erosion; effect of site preparation and proposed activity on the quality and quantity of tidal waters, surface, ground and subsurface water resources and other resources;
(2) Aesthetic effect, such as the impact on scenic beauty of the surrounding area;
(3) The number and type of public and private supporting facilities required and the impact of such facilities on all factors listed in this subsection;
(4) Effect on neighboring land uses, including but not limited to, public access to tidal waters, recreational areas and effect on adjacent residential and agricultural areas;

(5) State, county and municipal comprehensive plans for the development and/or conservation of their areas of jurisdiction;
(6) Economic effect, including the number of jobs created and the income which will be generated by the wages and salaries of the jobs in relation to the amount of land required, and the amount of tax revenues potentially accruing to the state, county and local governments.

18. Wien also appears to suggest that the statute is vague because DNREC officials arbitrarily enforced the Wetlands Act. That is a factual assertion which lacks support in the record. Wien bases his argument solely on the fact that two years before Moyer visited the property, another DNREC official had observed Wien's barrier and had not taken any action against Wien. That does not demonstrate arbitrary enforcement, however, because, unlike Moyer, the first official was unfamiliar with Wien's land and also was unaware that Wien did not have a permit for any activity. The first official was there by reason of an unrelated issue. DNREC's failure to recognize Wien's violations on the earlier visit is not evidence of arbitrary enforcement, where the official had no reason to suspect that a wetlands violation had occurred.

19. *McAllister v. State,* 807 A.2d 1119, 1122–23 (Del.2002).

concedes that Moyer did not provide written notice to Wien. The lack of written notice does not invalidate Moyer's search, however, because Section 6616 does not define the only or exclusive circumstance where a DNREC official is permitted to enter private property for purposes of enforcement. Rather, Section 6616 authorizes DNREC officials to conduct administrative "spot checks" without requiring that the official have any reason to suspect that a violation of the Wetlands Act has occurred. The statute does not displace the well-established body of Delaware law that defines the circumstances under which law enforcement officers may search property without first obtaining a warrant.

Because Moyer was not conducting an administrative spot-check, his actions were not constrained by Section 6616's notice requirement. A law enforcement officer may enter onto property to conduct a warrantless search where he sees evidence of a crime in plain view, provided that the officer is lawfully in a position from which he observes the evidence and the criminal nature of the evidence is immediately apparent.[20] Moyer's entrance onto Wien's property was a warrantless search that was justified under the "plain view" exception to the warrant requirement. Moyer entered Wien's property after he saw, in plain view, evidence that Wien was violating the Wetlands Act. Before he entered Wien's property, Moyer knew that Wien did not have a permit for any wetlands or subaqueous activity. Moyer also observed pallets of concrete bags upon, and observed tire tracks across, an area that he believed to be wetlands or subaqueous lands. Based on Moyer's knowledge of Wien's land, it was immediately apparent to him that Wien was violating Delaware law. Because Moyer was justified in searching Wien's property under the "plain view" exception to the warrant requirement, the Superior Court did not err in denying Wien's motion to suppress.

### Exclusion of Testimony

 Wien next claims that the Superior Court erred by excluding as irrelevant the proffered testimony of two Sussex County officials. This Court reviews rulings on the admission of evidence for abuse of discretion.[21]

In an effort to prove that the barrier that he constructed did not fit within the statutory definition of "construction," Wien sought to introduce the testimony of two Sussex County officials. He offered the testimony of Joe Thomas, head of Emergency Operations in Sussex County, to show that the County often distributes sand bags to property owners to use in protecting their property from flooding. An official from the Sussex Planning and Zoning Council was also prepared to testify that the Council would not have required Wien to obtain a permit before constructing the barrier. The Superior Court determined that the *County's* permit requirements and definition of construction were irrelevant in determining whether a violation of *State* law had occurred. Accordingly, the trial court excluded the proffered testimony of those two officials.

 Relevant evidence is evidence "having any tendency to make the exis-

---

20. *Williamson v. State,* 707 A.2d 350, 358 (Del.1998).

21. *Bell Sports, Inc. v. Yarusso,* 759 A.2d 582, 590 (Del.2000); *Lilly v. State,* 649 A.2d 1055, 1059 (Del.1994). Where a court "has not exceeded the bounds of reason in view of the circumstances and has not so ignored recognized rules of law or practice so as to produce injustice, its legal discretion has not been abused." *Firestone Tire and Rubber Co. v. Adams,* 541 A.2d 567, 570 (Del.1988).

tence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Wien bases his relevancy argument on the fact that Section 6604(a) provides that "no permit may be granted unless the county or municipality having jurisdiction has first approved the activity in question by zoning procedures provided by law." Based on that statutory language, Wien contends that the fact that County officials did not consider the wall to be "construction" requiring a permit, was relevant to whether the wall was "construction" under the Wetlands Act.

Wien's argument fails, because the proffered testimony had no probative value on the question of whether the wall violated the Wetlands Act. Although the statute requires prior approval from the zoning commission, the fact that Wien's activity did not require a permit from the Sussex County Zoning Council has no bearing on whether that activity was "construction" within the meaning of the Wetlands Act. Because the County does not regulate wetlands, the fact that the County Zoning Commission did not consider the barrier to be "construction" would not affect the barrier's status under the Wetlands Act. Similarly, the fact that the County encourages landowners to use sand bags to protect their non-wetland property from flooding is not probative of whether that activity is prohibited "construction" if it occurs on wetlands. Because the testimony proffered by Wien did not make it less probable that the wall was "construction" requiring a permit under the Wetlands Act, the Superior Court did not abuse its discretion by excluding that testimony.

*Jury Instruction*

■ For his final claim of error, Wien contends that the Superior Court erred in not instructing the jury that it must find that he intentionally and knowingly violated the Wetlands Act in order to convict him. This Court reviews *de novo* the Superior Court's denial of a proposed jury instruction.[22]

7 *Del. C.* § 6617(a) provides that "any person who intentionally or knowingly violates any rule, regulation, order, permit condition, or provision of [the Wetlands Act] shall be fined not less than $500 or more than $10,000 for each offense." The Superior Court instructed the jury that in order to convict Wien, the jury had to find beyond a reasonable doubt that Wien had intentionally and knowingly conducted or maintained an activity in wetlands. Wien argues that the Superior Court should also have instructed the jury that it had to find either that Wien specifically intended to violate the Wetlands Act, or that he knew he was doing so. In other words, Wien requested an instruction requiring the jury to find that Wien was specifically aware of the Wetlands law and knew that his activity violated that law.

■ Wien's argument fails, because ignorance of the law is not a defense to a crime.[23] To prove a violation of the wetlands law, the State was required to show that Wien intentionally or knowingly constructed a barrier on wetlands and that he intentionally or knowingly filled wetlands. That standard does not require the State to show that Wien was aware that his conduct violated the statute. That conclusion is consistent with judicial decisions in

**22.** *Hendricks v. State,* 871 A.2d 1118, 1123 (Del.2005).

**23.** *See, Kipp v. State,* 704 A.2d 839, 842 (Del. 1998); *State v. LeCompte,* 538 A.2d 1102, 1103 (Del.1988).

other jurisdictions, holding that the phrase "knowingly violated" requires the government to prove only "knowledge of facts and attendant circumstance to comprise a violation of the statute, not specific knowledge that one's conduct is illegal." [24] Because the jury instruction Wien requested was not a correct statement of the law, the Superior Court did not err by refusing to issue that instruction.

**24.** *See, U.S. v. Rubenstein,* 403 F.3d 93 (2nd Cir.2005); *U.S. v. Weintraub,* 273 F.3d 139, 147 (2nd Cir.2001); *U.S. v. Buckley,* 934 F.2d 84, 88 (6th Cir.1991).

### *Conclusion*

For the reasons stated above, the judgments of the Superior Court are **AFFIRMED**.