933 A.2d 21

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v.
ERIC ROWLAND, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued September 25, 2007—Decided October 11, 2007.

Before Judges COBURN, FUENTES and GRALL.

*Eric Mark,* Assistant Prosecutor, argued the cause for appellant (*Wayne J. Forrest,* Somerset County Prosecutor, attorney; *Mr. Mark,* on the brief).

*Robert L. Sloan,* Assistant Deputy Public Defender, argued the cause for respondent (*Yvonne Smith Segars,* Public Defender, attorney; *Mr. Sloan,* of counsel and on the brief).

The opinion of the court was delivered by

COBURN, P.J.A.D.

Eric Rowland is the defendant in a one-count indictment alleging, in essence, that he knowingly engaged in the home-improvement business without having met the statutory requirement of registering with the Division of Consumer Affairs. The Law Division judge interpreted the statute as requiring proof that defendant knew that his conduct violated the law. Since the evidence submitted to the grand jury did not include proof of such knowledge, the judge dismissed the indictment. The State appeals, contending that the judge misinterpreted the statute by requiring proof that defendant knew the law.

This is the evidence presented to the grand jury. In July 2006, Martin Korab of Hillsborough called defendant to renovate a bathroom in his house after seeing defendant's advertisement under the name Mercury Woods Carpentry in a telephone book. On August 5, defendant gave Korab a written proposal and a diagram of the work. Korab signed the proposal and gave defendant a check for $3,750. When defendant failed to proceed, Korab called the police, but thereafter they resolved their differences, agreeing that defendant could begin the work. However, when defendant applied for a work permit from the Hillsborough Building Department, he was turned down because he was not

registered with the Division of Consumer Affairs. The building department explained to Korab why it had rejected the permit, and Korab asked defendant to return his deposit. Defendant refused to comply, insisting that he was at least entitled to be compensated for preparing the plans and completing the permit application. Korab again called the police, who determined that neither defendant nor his company, Mercury Woods Carpentry, was a registered contractor. When questioned by the police, defendant said he was unaware of the registration requirement until he applied for the permit.

The indictment charged defendant with violating the Contractors' Registration Act, *N.J.S.A.* 56:8–136 to –152. The act was adopted in 2004 with an effective date of December 31, 2005. *L.* 2004, *c.* 16, § 1. In relevant part, the act states that on or after December 31, 2005, no person

> shall offer to perform, or engage, or attempt to engage in the business of making or selling home improvements unless registered with the Division of Consumer Affairs in accordance with the provisions of this act.
>
> [*N.J.S.A.* 56:8–138(a)].

Although the act provides for regulatory relief, it also provides that violations may be dealt with under the Consumer Fraud Act, *N.J.S.A.* 56:8–1 to –106, or by criminal prosecution. The penalty section of the act reads as follows:

> a. It is an unlawful practice and a violation of P.L. 1960, c. 39 (C.56:8–1 et seq.) to violate any provision of this act.
>
> b. In addition to any other penalty provided by law, a person who *knowingly violates any of the provisions of this act* is guilty of a crime of the fourth degree.
>
> [*N.J.S.A.* 56:8–146 (emphasis added).]

The Law Division judge interpreted the statutory phrase "a person who knowingly violates any of the provisions of this act," as meaning that the State had to prove defendant's knowledge of the law. That construction is inconsistent with the New Jersey Criminal Code and with the interpretation that courts generally give to that or similar statutory phrases.

With certain exceptions that are not relevant here, our criminal code makes ignorance of the law irrelevant. This result is

achieved by *N.J.S.A.* 2C:2–2(d), which is made applicable by *N.J.S.A.* 2C:1–5(b) to offenses defined by other statutes such as the one under review. *N.J.S.A.* 2C:2–2(d) provides, in pertinent part:

> Neither knowledge nor recklessness nor negligence as to whether *conduct* constitutes an offense or as to the existence, meaning or application of the law determining the elements of an offense is an element of such offense, unless the definition of the offense or the code so provides.
>
> [Emphasis added.]

■ The conduct proscribed by *N.J.S.A.* 56:8–138(a) is engaging in the home-improvement business without having registered with the Division of Consumer Affairs. That section says *nothing* about knowledge of the law. Therefore, under the code, knowledge of the law would only be required if the phrase "knowingly violates any of the provisions of this act" meant that knowledge of the law was an element of the offense.

It appears that the courts in this state have not considered the meaning of "knowingly violates this act" or similar statutory constructs in this context. But other courts have concluded that it does not require proof of knowledge of the law. *See, e.g., Bryan v. United States,* 524 *U.S.* 184, 118 *S.Ct.* 1939, 141 *L.Ed.*2d 197 (1998); *United States v. Int'l Minerals & Chem. Corp.,* 402 *U.S.* 558, 91 *S.Ct.* 1697, 29 *L.Ed.*2d 178 (1971); *United States v. Rubenstein,* 403 *F.*3d 93 (2d Cir.2005); *United States v. Buckley,* 934 *F.*2d 84 (6th Cir.1991); *Wien v. State,* 882 *A.*2d 183 (Del.2005).

In *Bryan, supra,* the Supreme Court held that the phrase "whoever knowingly violates" a particular section of the statute under review did not require knowledge of the law. 524 *U.S.* at 192, 118 *S.Ct.* at 1945, 141 *L.Ed.*2d at 205.

In *International Minerals, supra,* the defendant was charged with violating a regulation that prohibited shipping hazardous materials without describing them in the shipping papers. 402 *U.S.* at 559, 91 *S.Ct.* at 1699, 29 *L.Ed.*2d at 180. The penalty provision provided for imprisonment and fines for anyone who "knowingly violates any such regulation." *Ibid.* The Supreme Court held that knowledge of the regulation was not an element of

the offense, construing "regulation" as "a shorthand designation for specific acts or omissions which violate the Act." *Id.* at 562, 91 *S.Ct.* at 1700, 29 *L.Ed.*2d at 182. The word "knowingly" referred only to defendant's knowledge that the materials were dangerous, and the Court concluded that absent a clear legislative mandate, there was no "exception to the rule that ignorance of the law is no excuse." *Ibid.*

In the federal circuit court cases cited above, the same result was reached while interpreting a provision of the Clean Air Act that created criminal liability for anyone who *"knowingly violates* any requirement or prohibition of . . . section 7412 of this title." *Rubenstein, supra,* 403 *F.*3d at 97 (emphasis in original); *United States v. Buckley,* 934 *F.*2d at 88. And in *Wien, supra,* 882 *A.*2d at 190, the Supreme Court of Delaware treated the phrase "knowingly violated . . . any provision of [the Wetlands Act]," similarly, holding that it did not require proof that "Wien was aware that his conduct violated the statute."

Returning to the statute at hand, in light of the cited authorities, we are satisfied that apart from the mental state requirement, the elements of the offense are set forth in *N.J.S.A.* 56:8–138(a), and they are, in essence: (1) engaging in the home-improvements business; and (2) not being registered with the Division of Consumer Affairs. *N.J.S.A.* 56:8–146 makes that conduct a fourth degree crime when it is done knowingly; it does not require proof that the defendant knew the law.

Defendant cites *State v. Robertson,* 287 *N.J.Super.* 240, 670 *A.*2d 1096 (App.Div.1996), in support of his claim that the phrase in question means that knowledge of the law is an element of the offense. That case involved a prosecution under a part of the Freshwater Wetlands Protection Act, *N.J.S.A.* 13:9B–21(f), which states that "[a] person who willfully or negligently violates this act shall be guilty, . . ., of a crime of the fourth degree. . . ." Defendant was convicted of placing fill on a freshwater wetland without having obtained a permit from the Department of Environmental Protection. In essence, the judge charged the jury that conviction

required proof that defendant acted purposely in placing the fill and that the place filled was a wetland under the statute. He further charged that that State did not have to prove that defendant knew that the area was a wetland. *Id.* at 244–45, 670 *A.*2d 1096. The appellate panel reversed, saying that the State "cannot rest on *strict liability* but must prove that a defendant knew or should have known the area in question was subject to the Act." *Id.* at 246, 670 *A.*2d 1096 (emphasis added).

■ Strict liability arises when a criminal statute does not require proof of a state of mind with respect to some conduct, or element of a crime, or a result of conduct done with a particular state of mind. *See People v. Battin,* 77 *Cal.App.*3d 635, 143 *Cal.Rptr.* 731, 746, *certif. denied,* 439 *U.S.* 862, 99 *S.Ct.* 183, 58 *L.Ed.*2d 171 (1978); *State v. Maldonado,* 137 *N.J.* 536, 547–551, 645 *A.*2d 1165 (1994) (noting that a defendant is criminally liable for committing a strict liability crime regardless of whether the defendant intended to commit the crime or even knew that the crime might occur). Thus, for example, a defendant is guilty of possessing drugs with intent to distribute in a school zone even though he did not know he was in a school zone. *Id.* at 554, 645 *A.*2d 1165. His knowledge or ignorance of the law has nothing to do with the strict liability aspect of the offense.

Thus, when *Robertson* said the State could not rely on strict liability, it was not saying that the State had to prove defendant knew the law. Rather, it was saying that he had to know or have reason to know that the area was a wet land.

*Robertson* also said that under the statute "enforcement is ordinarily to be brought about by administrative action based on strict liability, but in those extreme cases where a defendant willfully or negligently ignores the dictates of the Act, criminal prosecution is warranted." *Robertson, supra,* 287 *N.J.Super.* at 245, 670 *A.*2d 1096. The criminal provision is designed to offer a stronger enforcement tool for "extreme" or at least the more serious cases, but *Robertson* was not saying that the gravity of the offense must depend on defendant's knowledge of the law; rather,

that it should depend on defendant's state of mind in relation to the seriousness of the violation. Finally, the *Robertson* panel neither said nor implied that the statutory phrase "willfully or negligently violated this act," required proof of defendant's knowledge of the law.

Relying on *Lambert v. California*, 355 *U.S.* 225, 78 *S.Ct.* 240, 2 *L.Ed.*2d 228 (1957), defendant argues that without proof that he was given notice of the law, prosecution under the statute would violate his right to due process. Although we are not obliged to consider this argument since it was neither raised below, *State v. Arthur*, 184 *N.J.* 307, 327, 877 *A.*2d 1183 (2005), nor briefed here in accordance with the requirements of *R.* 2:6–2(a)(1), we will do so briefly.

*Lambert, supra,* involved a municipal ordinance that required convicted felons to register with the police department within five days after arriving in a city. 355 *U.S.* at 226, 78 *S.Ct.* at 242, 2 *L.Ed.*2d at 230. The Court ruled that the ordinance violated due process because the defendant "did not know of the duty to register and [ ] there was no proof of the probability of such knowledge." *Id.* at 229, 78 *S.Ct.* at 243, 2 *L.Ed.*2d at 232. In reaching that conclusion, the Court distinguished this ordinance from business registration regulations in the following manner:

Registration laws are common and their range is wide. [Citation omitted.] Many such laws are akin to licensing statutes in that they pertain to the regulation of business activities. But the present ordinance is entirely different. Violation of its provisions is unaccompanied by any activity whatever, mere presence in the city being the test. Moreover, circumstances which might move one to inquire as to the necessity of registration are completely lacking.

[*Ibid.*]

Noting Justice Frankfurter's dissent in *Lambert,* joined by Justices Harlan and Whittaker, the Court, in *Texaco, Inc. v. Short,* 454 *U.S.* 516, 537 n. 33, 102 *S.Ct.* 781, 796 n. 33, 70 *L.Ed.*2d 738, 756 n. 33 (1982), stated that *Lambert's* "application has been limited, lending some credence to Justice Frankfurter's colorful prediction in dissent that the case would stand as an 'an isolated

deviation from the strong currents of precedents—a derelict on the waters of the law.' (Citation omitted)."

In *State v. Hatch*, 64 *N.J.* 179, 184, 313 *A.*2d 797 (1973), Justice Jacobs, endorsing the idea that *Lambert* was limited to offenses "of omission rather than commission" where "inquiry as to the applicable law was unlikely," concluded that statutes concerned "with acts of commission, in situations where regulations abound and inquiries are likely, and where the purposes are to insure the public safety" are outside of *Lambert's* rule. *Ibid.*

In the instant case, we are concerned with acts of commission, not omission. The Contractors' Registration Act added a new requirement for home-improvement companies, namely registration with the Division of Consumer Affairs. This new requirement was made to insure public safety in a field of endeavor subject to numerous regulations at the local and State level, including the Consumer Fraud Act, whose relief and punishment provisions are, as we have noted above, fully incorporated by reference in the Contractors' Registration Act. Therefore, we are satisfied that *Lambert* is inapplicable, and the statute does not violate due process.

The order dismissing the indictment is reversed and the case is remanded for trial.