IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JUAN LAMBERTY, | § | |
| | § | No. 232, 2014 |
| Defendant Below- | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | No. 1301006733 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: January 21, 2015
Decided: January 30, 2015

Before **RIDGELY**, **VALIHURA**, and **VAUGHN**, Justices.

### *O R D E R*

On this 30th day of January 2015, it appears to the Court that:

(1) Defendant-below/Appellant Juan Lamberty ("Lamberty") appeals from a Superior Court Order denying his motion to dismiss, as well as a subsequent conviction and sentence for Failure to Properly Report as a Registered Sex Offender ("FPRRSO") under 11 *Del C.* § 4120 *et seq.*, the Sex Offender Registration Statute ("SORS").[1]  Lamberty raises two claims on appeal.  First, Lamberty contends that the trial court erred by holding that the SORS did not violate the Equal Protection Clause of the United States Constitution.  Second,

---

[1] *See* 11 *Del. C.* § 4120(g)(2) ("A Tier II offender shall appear in person at locations designated by the Superintendent of the Delaware State Police to verify all registry information every 6 months unless relieved of registration obligations.").

1

Lamberty contends that the trial court erred by holding that 11 *Del. C.* § 4120(g)(2) did not improperly delegate legislative power to the Delaware State Police Superintendent. We find no merit to Lamberty's claims. Accordingly, we affirm.

(2) In March 2004, Lamberty pled guilty to rape in the fourth degree. As a result of that conviction, Lamberty was designated a Tier II sex offender pursuant to 11 *Del. C.* § 4121(d)(2)a.[2] 11 *Del. C.* § 4120(g)(2) requires Tier II sex offenders to register with the Delaware State Police every six months at locations designated by the Superintendent of the Delaware State Police.[3] In November 2012, Lamberty appeared in person to register as a sex offender. At that time, Lamberty registered as "homeless" in the city of Wilmington. Pursuant to 11 *Del. C.* § 4121(k)(2), all registered Tier II sex offenders designated "homeless" are required to register with the Delaware State Police every thirty days.[4] In December 2012, Lamberty failed to register as required. In January 2013, a warrant was issued for Lamberty's arrest, and Lamberty was taken into custody. When asked why he did not register, Lamberty stated that he did not have money to travel to the designated reporting location. His counsel has conceded he did not ask for a waiver of any registration

---

[2] 11 *Del. C.* § 4121(d)(2)a.
[3] 11 *Del. C.* § 4120(g)(2).
[4] 11 *Del. C.* § 4121(k).

fee due to indigency. Lamberty was charged with FPRRSO under 11 *Del. C.* § 4121(r).[5]

(3) In April 2013, Lamberty filed a motion to dismiss, which alleged that the SORS, and specifically 11 *Del. C.* § 4121(k), were unconstitutional. The trial court denied Lamberty's motion. The trial court found that "[r]equiring a homeless person to register more often and with more detail assists in their supervision, as set forth in the Sex Offender Registration Statute's purpose."[6] Based on this finding, the trial court held that the SORS did not violate the Constitution's equal protection clause because the statute was rationally related to serving a legitimate state purpose. The trial court also held that the SORS was a valid delegation of legislative power since "the legislature did not confer 'unguided and uncontrolled discretionary power' upon the State Police Superintendent."[7] Lamberty was thereafter convicted of FPRRSO. This appeal followed.

(4) "Constitutional claims are subject to plenary or *de novo* review to determine whether the Superior Court committed an error of law."[8] "When our 'review is of a constitutional nature, there is a strong presumption that a legislative

---

[5] 11 *Del. C.* § 4121(r) ("Any sex offender who knowingly or recklessly fails to comply with any provision of this section shall be guilty of a class G felony.").
[6] Appellant's Op. Br. App. at A91.
[7] Appellant's Op. Br. App. at A93.
[8] *Sheehan v. Oblates of St. Francis de Sales*, 15 A.3d 1247, 1258 (Del. 2011) (citing *Abrams v. State*, 689 A.2d 1185, 1187 (Del. 1997)).

3

enactment is constitutional.'"[9]  "We resolve all doubts in favor of the challenged legislative act."[10]

(5) Lamberty first claims that 11 *Del. C.* § 4121(k) violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. "The Equal Protection Clause of the Fourteenth Amendment . . . protects against arbitrary and capricious classifications, and requires that similarly situated persons be treated equally."[11]  When a statutory classification does not involve "a fundamental right or . . . a suspect classification, the constitutionality of the statute is presumed and the classification need only relate rationally to a legitimate state interest."[12]  "[E]qual protection does not mandate identical treatment for all persons, but rather that in the event of distinctive treatment for persons within a class, there be a reasonable basis for the distinction."[13]  "For a legislative distinction to be found so unreasonable as to be discriminatory and a denial of a right of equal protection, the distinction must be found to be 'patently arbitrary' and to bear 'no rational relationship to a legitimate governmental interest.'"[14]

---

[9] *Id.* (quoting *Wien v. State*, 882 A.2d 183, 186 (Del. 2005)).
[10] *Id.* (citing *State v. Baker*, 720 A.2d 1139, 1144 (Del.1998)).
[11] *Sisson v. State*, 903 A.2d 288, 314 (Del. 2006) (citing *Hughes v. State*, 653 A.2d 241, 247 (Del. 1994)).
[12] *Prices Corner Liquors, Inc. v. Delaware Alcoholic Beverage Control Comm'n*, 705 A.2d 571, 575 (Del. 1998).
[13] *Marine v. State*, 607 A.2d 1185, 1207 (Del. 1992).
[14] *Id.* (quoting *Gotleib*, 406 A.2d at 275).

Lamberty has the burden of showing a lack of rational justification for the classification created by the SORS.[15]

(6) Lamberty, highlighting the fact that there are only two reporting locations in Delaware where sex offenders may register, argues that the increased reporting requirements mandated by 11 *Del. C.* § 4121(k) for homeless sex offenders arbitrarily and unreasonably discriminate against the homeless. Lamberty contends that these mandatory requirements have no rational basis to any legitimate government purpose, and thus violate his constitutional right to equal protection.

(7) Lamberty's first claim lacks merit. Lamberty does not contend that homeless sex offenders are a suspect class, or that the SORS burdens a fundamental right. Thus, Lamberty has the heavy burden of showing that the SORS as a whole, or 11 *Del. C.* § 4121(k) individually as applied to him, is not rationally related to any legitimate government interest.[16] Because Lamberty has failed to satisfy this heavy burden here, we must affirm.

(8) First, as to the constitutionality of the SORS as a whole, 11 *Del. C.* § 4120A explicitly provides a legitimate government purpose for the SORS's enactment: "The General Assembly hereby declares that the comprehensive

---

[15] *Helman v. State*, 784 A.2d 1058, 1074–75 (Del. 2001) (citing *Kimel v. Florida Board of Regents*, 528 U.S. 62, 84–85 (2000)).

[16] *See id.* at 1075 (describing the burden of showing a lack of rational justification for a statutory classification under an equal protection claim as a "heavy one").

evaluation, identification, classification, treatment, and continued monitoring of sex offenders who are subject to the supervision of the criminal justice system is necessary in order to work toward the reduction of recidivism by such offenders."[17] We have also explicitly stated that, "The purpose of the sex offender registration and notification statutes is to protect the public from the danger and propensity for recidivism of convicted sex offenders."[18] By requiring that convicted sex offenders continuously register, the SORS directly advances this stated purpose. Lamberty offers no valid argument as to why this interest alone is not a sufficient basis to uphold the constitutionality of the SORS. Accordingly, he has failed to meet his burden under the rational basis standard of review.

(9) Lamberty's argument that 11 *Del. C.* § 4121(k) independently violates the Equal Protection Clause is also unpersuasive. The General Assembly's distinction between a sex offender and a homeless sex offender is a reasonable one. Unlike a sex offender with a permanent residence, a homeless sex offender does not have a fixed address, making it likely that they will change locations more often than those who have a permanent residence. 11 *Del. C.* § 4121(k) accounts for a homeless sex offender's mobility and varying residences by mandating more frequent registration. Requiring a homeless sex offender to register more often assists police in their supervision, and directly contributes to the SORS' stated

---

[17] 11 *Del. C.* § 4120A.
[18] *Helman*, 784 A.2d at 1075.

purpose of continued monitoring of sex offenders for the public's protection. Therefore, we conclude that 11 *Del. C.* § 4121(k) is rationally related to a legitimate government interest, and does not violate the Equal Protection Clause.

(10) Lamberty next argues that 11 *Del. C.* § 4121 improperly delegates legislative power to the Superintendent of the Delaware State Police. "The General Assembly need not spell out every detail concerning the administration of a law."[19] "A statute does not unlawfully delegate legislative power, if the statute 'establish[es] adequate standards and guidelines for the administration of the declared legislative policy and for the guidance and limitation of those in whom discretion has been vested.'"[20] "'Adequate safeguards and standards to guide discretion must be found in or be inferable from the statute, but the standards need not be minutely detailed, and the whole ordinance may be looked into in light of its surroundings and objectives for purposes of deciding whether there are standards and if they are sufficient.'"[21]

(11) "[A]t times, the General Assembly may better achieve its legislative goals by deferring to an administrative agency's greater skill and knowledge."[22] "[W]hen the authority in question deals with the protection of public morals,

---

[19] *In re Request of Governor for Advisory Opinion*, 12 A.3d 1104, 1110 (Del. 2009) (citing *Marta v. Sullivan*, 248 A.2d 608, 609 (Del. 1968)).
[20] *Id.* (quoting *Marta*, 248 A.2d at 609).
[21] *Atlantis I Condo. Ass'n v. Bryson*, 403 A.2d 711, 713 (Del. 1979) (quoting *State v. Durham*, 191 A.2d 646, 649–50 (Del. 1963)).
[22] *In re Request of Governor for Advisory Opinion*, 12 A.3d at 1110 (citing *Raley v. State*, 1991 WL 235357, at *3 (Del. 1991)).

health, safety or general welfare, more latitude is given the agency in order to provide the flexibility necessary to carry out the legislative will."[23] "'[T]he true distinction is between the delegation of power to make the law . . . and conferring authority and discretion as to its execution, to be exercised in pursuance of the law.'"[24]

(12) Lamberty contends that the SORS impermissibly delegates legislative power to the Delaware State Police Superintendent. Specifically, Lamberty contends that § 4121 improperly grants the Superintendent unfettered discretion to designate reporting locations. We disagree. In enacting the registration statute, the legislature limited the authority of the Superintendent by providing: "Any agency responsible for complying with this section may promulgate reasonable regulations, policies and procedures for the purpose of implementing this section."[25] Thus, the statute requires that the locations designated by the Superintendent be objectively reasonable. Although this standard is not exacting, it is an acceptable standard for legal delegation in the instant case because the SORS was enacted for the purpose of protecting the general welfare of the public. The language of the SORS suggests that the General Assembly purposely deferred to the expertise of the Superintendent to implement its will by granting the

---

[23] *Raley*, 1991 WL 235357, at *2 (citing *Durham*, 191 A.2d at 646).
[24] *Atlantis I Condo. Ass'n*, 403 A.2d at 713 (quoting *Hoff v. State*, 197 A. 75, 79 (Del. Super. 1938)).
[25] 11 *Del. C.* § 4120(i).

Superintendent more flexibility in enforcing an effective sex offender registration system. Accordingly, we hold that the SORS registration procedures are reasonable, and the product of a lawful delegation of legislative power.[26]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED**.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

---

[26] During the course of this appeal, Lamberty has identified the lack of a specific regulation allowing waiver of registration fees due to indigency and the absence of any location for a citizen residing in Sussex County to register in that county. These are proper subjects for the Superintendent and/or the General Assembly to consider.

9