**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | : | ID No. 2001016205 |
| | : | |
| v. | : | |
| | : | |
| JUAN C. ABRAJAN-COBAXIN, | : | |
| | : | |
| Defendant. | : | |

Submitted: December 1, 2022
Decided: February 13, 2023

**ORDER**

On this 13th day of February 2023, upon consideration of Defendant Juan C. Abrajan-Cobaxin's motion for postconviction relief, the Commissioner's Report and Recommendation, and the record in this case, it appears that:

1.     Mr. Abrajan-Cobaxin pled guilty on January 14, 2021, to one count of Rape in the Second Degree, 11 *Del. C.* § 772.   In his plea agreement with the State, he accepted the State's recommendation that the Court impose a sentence of twenty-five years incarceration suspended after ten years, to be followed by probation.   The Court sentenced him consistently with that sentencing recommendation.

2.     Mr. Abrajan-Cobaxin then filed a *pro se* motion for postconviction relief pursuant to Superior Court Criminal Rule 61, and a motion seeking appointment of postconviction counsel.   The Court denied his motion for appointment of counsel.

3.     The Court then referred the matter to a Superior Court commissioner for findings of fact and recommendations pursuant to *10 Del. C*. § 512(b) and

Superior Court Criminal Rule 62. She issued her findings and recommendations in the Report attached and incorporated as Exhibit A. In her Report, she explained why Mr. Abrajan-Cobaxin failed to demonstrate that his counsel performed ineffectively before or during his guilty plea and sentencing. To the contrary, she recognized that his trial counsel acted appropriately in all respects. As a result, she recommended that the Court deny Mr. Abrajan-Cobaxin's motion for postconviction relief.

4. After she issued her Report, neither party filed written objections as permitted by Superior Court Criminal Rule 62(a)(5)(ii). Accordingly, her report and its recommendations are accepted as final.

**NOW, THEREFORE,** after a *de novo* review of the record in this matter, and for the reasons stated in the Commissioner's Report and Recommendation dated November 4, 2022:

**IT IS HEREBY ORDERED** that the Court adopts the Commissioner's Report and Recommendation attached as Exhibit A in its entirety. Mr. Abrajan-Cobaxin's motion for postconviction relief filed pursuant to Superior Court Criminal Rule 61 is **DENIED**.

/s/Jeffrey J Clark
Resident Judge

JJC/klc

oc: Prothonotary
cc: The Honorable Andrea M. Freud
Stephen R Welch, Jr., DAG
Juan Abrajan-Cobaxin, *Pro Se*
Trial Counsel

# Exhibit A

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| STATE OF DELAWARE | : | I.D. No. 2001016205 |
| | : | In and For Kent County |
| v. | : | |
| | : | |
| | : | |
| JUAN C. ABRAJAN-COBAXIN, | : | RK-20-020001-01 RAPE 2ND WITHOUT |
| SBI # 00638204 | : | CONSENT (F) |
| | : | |
| Defendant. | | |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion For Postconviction Relief Pursuant To Superior Court Criminal Rule 61

Alicia Porter, Esq., Department of Justice for *State of Delaware*

Juan C. Abrajan-Cobaxin*, pro se*

FREUD, Commissioner
November 04, 2022

The defendant, Juan C. Abrajan-Cobaxin ("Abrajan-Cobaxin") pled guilty on January 14, 2021, to one count of Rape in the Second Degree without Consent, 11 *Del.C.* § 0772. He was also charged with one count of Sexual Abuse of a Child by a Person of Trust, First Degree and one count of Continuous Sexual Abuse of a Child. As part of the plea deal, the State agreed to enter *Nolle Prosequis* on the remaining charges and along with the defense recommended a sentence of twenty-five years incarcerations, suspended after serving ten years, mandatory minimum,

followed by probation. Had Abrajan-Cobaxin gone to trial and been found guilty as charged, he faced 27 years mandatory minimum, in jail time and up to life in prison. The Court agreed with the sentence recommendation of the parties and sentenced Abrajan-Cobaxin accordingly.

Abrajan-Cobaxin did not appeal his conviction to the State Supreme Court. Instead, he filed a *pro se* Motion for Review of Sentence, which the Court denied.[1] Next, Abrajan-Cobaxin filed the pending Motion for Postconviction Relief, Pursuant to Superior Court Criminal Rule 61 on July 14, 2021, in which he alleges in part, ineffective assistance of counsel. Abrajan-Cobaxin filed a companion Motion for the Appointment of Counsel, which the Court denied. [2]

## FACTS

According to the Affidavit of Probable Cause, on January 26, 2020, the Dover Police Department was notified of a report of a sexual assault of a child. The victim's mother, who was the longtime girlfriend of Abrajan-Cobaxin, had discovered a text message on her 16-year-old daughter's cell phone that suggested that Abrajan-Cobaxin was having a sexual relation with the victim. When interviewed by the Dover Police, the victim stated that Abrajan-Cobaxin had been forcing her to have sexual intercourse with her, against her will since she was 8-years old, on a regular basis. The last incident had occurred on January 23, 2020,

---

[1] *State v. Abrajan-Cobaxin*, Del. Super., ID NO 2001016205, Clark, RJ., (Apr. 16, 2021) (Order)

when Abrajan-Cobaxin penetrated her with his penis, and he was not wearing a condom. The victim submitted to a SANE examination and the clothing she had been wearing during the sexual assault was retained for evidence.[3]    When interviewed by the police, Abrajan-Cobaxin gave vague explanations for the text messages. When police looked at his cell phone, they discovered Abrajan-Cobaxin had deleted all texts to or from the victim. Additionally, in his Rule 61 Motion, Abrajan-Cobaxin explicitly admits to having intercourse with the victim when she as 16-years old.

## Abrajan-Cobaxin Contentions

Ground One:    Actual Innocence by Extraordinary Circumstances.
The plaintiff is not a natural born citizen; his previous country was Mexico. Spanish countries comparatively, have one law for the countries (sp.) entirety; however, in the United States, law vary from state to state, that even natural born citizens do not know and would surprise them. In many states, 16 is legal age of consent in U.S. Plaintiff [] aware of 16 years old legal age, committed sexual acts under said law, presuming the U.S. was on one accord.

Ground Two:    Forced Plea.
Attorney Abram used several tactics (to be discussed in response brief)[4] to scare Mr. Abrajan-Cobaxin, into accepting said plea… stating, for example, if the plaintiff refused, he was guaranteed life.

---

[2] *State v. Abrajan-Cobaxin*, Del. Super., ID NO 2001016205, Clark, RJ., (Aug. 24, 2021) (Order)
[3] In its reply, the State notes that DNA tests done on the victim's swabs indicates the presence of Abrajan-Cobaxin semen
[4] I note Abrajan-Cobaxin never filed a "response brief."

Ground Three:     Unfullable (sp.) plea – Need of Immediate Release.
The plea is on the basis, as a resident of America soil, plaintiff will do probation and remaining Level 5 time; however simutanously (sp.) the Court has argued he cannot stay in U.S.; thereby unfullable (sp.) without granted citizenship.

Abrajan-Cobaxin did not file a Memorandum of Law, and this constitutes his entire argument.

## DISCUSSION

Under Delaware law, the Court must first determine whether Abrajan-Cobaxin has met the procedural requirements of Superior Court Criminal Rule 61(i) before it can consider the merits of the postconviction relief claim.[5] Under Rule 61, postconviction claims for relief must be brought within one year of the conviction becoming final. [6] Abrajan-Cobaxin's motion was filed in a timely fashion, thus the bar of Rule 61(i)(1) does not apply to the Motion. As this is Abrajan-Cobaxin initial motion for postconviction relief, the bar of Rule 61(i)(2), which prevents consideration of any claim not previously asserted in a postconviction motion, does not apply either.

None of Abrajan-Cobaxin's claims were raised previously at his plea, sentencing, or on direct appeal. Consequently, they are barred under Superior Court Criminal Rule 61(i)(3) unless he demonstrates: (1) cause for relief from the

---

[5] *Bailey v. State*, 588 A,2d 1121, 1127 (Del. 1991)
[6] Super. Ct. Crim. R. 61(i)(1)

procedural default; and (2) prejudice from a violation of the movant's rights. [7] The bars to relief are inapplicable to a jurisdictional challenge or "to a claim that satisfies the pleading requirements of subparagraph (2)(i) or (2)(ii) of subdivision (d) of this rule.[8] To meet the requirements of Rule 61 (d)(2) a defendant must plead with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted [9] or that he pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States or Delaware Supreme Courts, applies to the defendant's case rendering the conviction invalid.[10] Abrajan-Cobaxin's motion alleges actual innocence but he misunderstands the law and  as detailed below. Additionally, although he claims "actual innocence" his claim is not based on "newly discovered evidence," as required by the Rule.

Each of Abrajan-Cobaxin's grounds for relief are premised on allegations of ineffective assistance of counsel. Therefore Abrajan-Cobaxin has alleged sufficient cause for not having asserted these grounds for relief at trial and on direct appeal. Abrajan-Cobaxin's ineffective assistance of counsel claims are not subject to the procedural default rule, in part because the Delaware Supreme Court will not

[7] Super. Ct. Crim. R. 61(i)(3).
[8] Super. Ct. Crim R. 61(i)(5)
[9] Super. Ct. Crim. R. 61(d)(2)(i)

generally hear such claims for the first time on direct appeal. For this reason, many defendants, including Abrajan-Cobaxin, allege ineffective assistance of counsel in order to overcome the procedural default. "However, this path creates confusion if the defendant does not understand that the test for ineffective assistance of counsel and the test for cause and prejudice are distinct, albeit similar, standards."[11]  The United States Supreme Court has held that:

> [i]f the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that the responsibility for the default be imputed to the State, which may not 'conduc[t] trials at which persons who face incarceration must defend themselves without adequate legal assistance;' [i]neffective assistance of counsel then is cause for a procedural default.[12]

A movant who interprets the final sentence of the quoted passage to mean that he can simply assert ineffectiveness and thereby meet the cause requirement will miss the mark. Rather, to succeed on a claim of ineffective assistance of counsel, a movant must engage in the two-part analysis enunciated in *Strickland v. Washington*[13] and adopted by the Delaware Supreme Court in *Albury v. State*.[14]

The *Strickland* test requires the movant show that counsel's errors were so grievous that his performance fell below an objective standard of reasonableness.[15] Second, under *Strickland* the movant must show there is a reasonable degree of

---

[10] Super. Ct. Crim. R. 61(d)(2)(ii)
[11] *State v. Gattis*, 1995 WL 790961 (Del. Super.).
[12] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).
[13]  466 U.S. 668 (1984).
[14]  551 A.2d 53, 58 (Del. 1988).

probability that but for counsel's unprofessional error the outcome of the proceedings would have been different, that is, actual prejudice.[16] In setting forth a claim of ineffective assistance of counsel, a defendant must make and substantiate concrete allegations of actual prejudice or risk summary dismissal.[17] When examining the representation of counsel pursuant to the first prong other the *Strickland* test, there is a strong presumption that counsel's conduct was professionally reasonable .[18] This standard is highly demanding.[19] *Strickland* mandates that, when viewing counsel's representation, this Court must endeavor to "eliminate the distorting effects of hindsight ."[20]

Following a complete review of the record in this matter, it is abundantly clear that Abrajan-Cobaxin has failed to allege any facts sufficient to substantiate his claims that his attorney was ineffective. I find trial counsel's affidavit, in conjunction with the record, more credible that Abrajan-Cobaxin's self-serving claims that his counsel's representation was ineffective. Abrajan-Cobaxin's counsel clearly denied the allegations.

---

[15] *Strickland*, 466 U.S. at 687; *see Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).
[16] *Id.*
[17] *See* e.g., *Outten v. State*, 720 A.2d 547, 557 (Del. 1998) (citing *Boughner v. State*, 1995 WL 466465 at *1 (Del. Supr.)).
[18] *Albury*, 551 A.2d at 59 (citing *Strickland, 466* U.S. at 689*)*
[19] *Flamer v. State*, 585 A.2d 736, 754 (Del. 1990) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986)).
[20] *Strickland*, 466 U.S. at 689

Abrajan-Cobaxin was facing the possibility of life in prison and 27 years of mandatory minimum time. The sentence and plea were very reasonable under all the circumstances, especially in light of the strong evidence against him. Prior to the entry of the plea, Abrajan-Cobaxin and his attorney discussed the case and the plea. The plea bargain was clearly advantageous to Abrajan-Cobaxin. Counsel was successful in negotiating an extremely beneficial plea bargain with the State. Counsel's representation was certainly well within the range required by *Strickland*. Additionally, when Abrajan-Cobaxin entered his plea, he stated he was satisfied with the defense counsel's performance. He is bound by his statement unless he presents clear and convincing evidence to the contrary.[21] Consequently, Abrajan-Cobaxin has failed to establish that his counsel's representation was ineffective under the *Strickland* test.

Even assuming, *arguendo,* that counsel's representation of Abrajan-Cobaxin was somehow deficient, Abrajan-Cobaxin must satisfy the second prong of the *Strickland* test, prejudice. In setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk dismissal. [22] In an attempt to show prejudice, Abrajan-Cobaxin simply asserts that his counsel was ineffective by coercing him into

---

[21] *Mapp v. State*, 1994 WL 91264, at *2 (Del.Supr.) (citing *Sullivan v. State*, 636 A.2d 931, 937-938 (Del. 1994)).

[22] *Larson v. State*, 1995 WL 389718, at *2(Del.Supr.) (citing *Younger v. State,* 580 A.2d 552,

pleading guilty. Abrajan-Cobaxin's Trial Counsel clearly denied coercing him. Abrajan-Cobaxin also claims "actual innocence" because he thought the age of consent in Delaware was 16-years old. This is a meritless argument. First, ignorance of the laws is not a defense to a crime. *Wien v. State*.[23] Second, the victim states the intercourse was not consensual. The argument is meritless. Finally, Abrajan-Cobaxin makes an argument based on his illegal resident status. As noted, by both Abrajan-Cobaxin's Trial Counsel and the State, this argument is meritless and there is no relief possible. My review of the facts of the case leads met to conclude that Counsel's representation of Abrajan-Cobaxin was well within the requirements of the Sixth Amendment and no prejudice has been demonstrated. His statements are insufficient to establish prejudice, particularly in light of the evidence against him. Therefore, I find Abrajan-Cobaxin's grounds for relief are meritless.

To the extent that Abrajan-Cobaxin alleges his plea was involuntary, the record contradicts such allegations. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to a plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[24] At the guilty-plea hearing, the Court asked Abrajan-Cobaxin whether

---

556 (Del. 1990*))*.

[23] 882 A.2d 183, 190 (Del.2004) See also (****)

[24] *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

he understood the nature of the charges, the consequences of his pleading, and whether he was voluntarily entering the plea. The Court Asked Abrajan-Cobaxin if he was guilty of Rape in the Second degree. The Court asked Abrajan-Cobaxin if he understood he would waive his constitutional rights if he entered the plea including the right to suppress evidence; if he understood each of the constitutional rights listed on the Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form"); and whether he gave truthful answers to all the questions on the form. The Court asked Abrajan-Cobaxin if he had discussed his plea and its consequences fully with his attorney. The Court also asked Abrajan-Cobaxin if he was satisfied with this counsel's representation. The Court asked Abrajan-Cobaxin if he was aware of the immigration consequences of his plea. Abrajan-Cobaxin answered each of these questions affirmatively.[25]  I find counsel's representations far more credible than Abrajan-Cobaxin's self-serving, vague allegations.

Furthermore, prior to entering his plea, Abrajan-Cobaxin signed a Guilty Plea Form and Plea Agreement in his own handwriting. Abrajan-Cobaxin's signature on the forms indicate that he understood the constitutional rights he was relinquishing by pleading guilty and that he freely and voluntarily decided to plead guilty to the charges listed in the Plea Agreement. Abrajan-Cobaxin is bound by the statements he made on the signed Guilty Plea Form unless he proves otherwise

---

[25] *State v. Abrajan-Cobaxin*, Del. Super. ID No. 2001016205 (January 14, 2021) Tr. at 6-16

by clear and convincing evidence.[26] I confidently find that Abrajan-Cobaxin entered his plea knowingly and voluntarily and that Abrajan-Cobaxin's grounds for relief are completely meritless.

## CONCLUSION

I find that Abrajan-Cobaxin's counsel represented him in a competent and effective manner as required by the standards set in *Strickland* and that Abrajan-Cobaxin has failed to demonstrate any prejudice stemming from the representation. I also find that Abrajan-Cobaxin's guilty plea was entered knowingly and voluntarily. I recommend that the Court ***deny*** Abrajan-Cobaxin's Motion for Postconviction Relief as procedurally barred and meritless.

/s/Andrea M. Freud
Commissioner

AMF/jan
oc:   Prothonotary
cc:   Resident Judge Jeffry J Clark
      Alicia Porter, Esq.
      Michael Abram, Esq.
      Juan C. Abrajan-Cobaxin, S

---

[26] *Somerville v. State*, 703 A.2d 629, 632 (Del.1997)